# Order

Michigan Supreme Court
Lansing, Michigan

February 9, 2007

132421 & (83)

PEOPLE OF THE STATE OF MICHIGAN,
     Plaintiff-Appellant,
     Cross-Appellee,

v

BERNARD CHAUNCEY MURPHY,
     Defendant-Appellee,
     Cross-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 132421
COA: 258397
Wayne CC: 04-001084-01

On order of the Court, the application for leave to appeal the October 12, 2006 judgment of the Court of Appeals is considered, and it is GRANTED. The parties shall include among the issues to be briefed: (1) whether trial counsel's failure to respond to the prosecutor's interlocutory application for leave to appeal, which resulted in the reversal of a pretrial motion to suppress evidence, should be viewed as structural error under *United States v Cronic*, 466 US 648; 104 S Ct 2039; 80 L Ed 2d 657 (1984), or whether it should be reviewed under the two-part standard for evaluating claims of ineffective assistance of counsel enunciated in *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984); and (2) whether, under either standard, the appropriate remedy is reversal of the defendant's conviction and remand for a new trial, or whether a second appellate review of the trial court's suppression ruling should be conducted with the defendant being afforded constitutionally adequate representation. The application for leave to appeal as cross-appellant remains pending.

The Prosecuting Attorneys Association of Michigan and the Criminal Defense Attorneys of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.

Until further order from this Court, we DIRECT the Court of Appeals, in all cases involving preconviction appeals by the prosecution, to inform defense counsel in writing that they must file a timely response to the application. Cf. MCR 6.005(H)(3). In the

alternative, defense counsel may promptly communicate to the Court of Appeals in writing that the client has directed defense counsel not to respond to the prosecution's interlocutory appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 9, 2007

_Corbin R. Davis_
Clerk

s0206