# Order

Michigan Supreme Court
Lansing, Michigan

June 25, 2008

132421 & (83)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
            Plaintiff-Appellant,
            Cross-Appellee,

v

SC:  132421
COA:  258397
Wayne CC:  04-001084-01

BERNARD CHAUNCEY MURPHY,
            Defendant-Appellee,
            Cross-Appellant.

_____/

        On order of the Court, having granted leave to appeal and having heard oral argument, the October 12, 2006 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), we REVERSE the Court of Appeals decision to grant the defendant a new trial rather than a new appeal.  See *Roe v Flores-Ortega*, 528 US 470 (2000); *United States ex rel Thomas v O'Leary*, 856 F2d 1011 (CA 7, 1988).  Given the prosecutor's concession that the defendant is entitled to a new appeal because of defense counsel's absence during the prosecutor's successful interlocutory appeal, we REMAND this case to the Court of Appeals for a new appeal.  On remand, the defendant is entitled to appointed appellate counsel.  In reviewing its prior decision to reverse the trial court's order suppressing the shotgun evidence, the Court of Appeals is not bound by the law of the case doctrine.  See *Locricchio v Evening News Ass'n,* 438 Mich 84, 109-110; 476 NW2d 112 (1991) (stating that "the law of the case doctrine must yield to a competing doctrine: the requirement of independent review of constitutional facts").  We VACATE as moot the remainder of the Court of Appeals analysis.

        If the Court of Appeals determines after the appeal that it would have upheld the trial court's original evidentiary ruling, it must then assess the impact of the improperly admitted evidence on the defendant's trial under the appropriate standard of review. *People v Carines*, 460 Mich 750 (1999).  The defendant is entitled to a new trial only if he meets his burden of proof under *Carines, supra* at 774.  On remand, the Court of

Appeals is directed to consider the issue raised by the defendant but not addressed by that court during its initial review of this case. The application for leave to appeal as cross-appellant is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

We do not retain jurisdiction.

CAVANAGH and KELLY, JJ., concur in the reversal and remand.

MARKMAN, J., concurs and states as follows:

I write separately because I disagree with the majority's basis for the order of remand. Rather than remanding to the Court of Appeals to consider anew the merits of the trial court's suppression ruling, I would hold that: (1) under *Strickland v Washington*, 466 US 668 (1984), a claim for ineffective assistance of counsel generally requires a criminal defendant to demonstrate that defense counsel's representation was objectively unreasonable, and that the defendant suffered prejudice as a result; (2) as an exception to *Strickland*, *United States v Cronic*, 466 US 648 (1984), established that prejudice may be presumed when a defense counsel is absent at a critical stage, thereby granting automatic relief to a defendant; (3) as an exception to *Cronic*, *Satterwhite v Texas*, 486 US 249 (1988), indicates that an absence of counsel at a critical stage only requires automatic relief for a defendant if that absence cannot be sufficiently separated from the entire criminal proceedings; and (4) in this case, where the absence of counsel merely resulted in the addition of a single discrete piece of evidence, the absence can be sufficiently separated from the entire proceedings. Accordingly, under *Satterwhite*, the remaining question is whether the absence of counsel was harmless under the standard in *Chapman v California*, 386 US 18 (1967). Because that issue was never briefed by the parties or considered by the lower courts, I would remand to the Court of Appeals so that it can address whether the absence of counsel constituted harmless error.

## I. FACTS AND PROCEDURAL HISTORY

Defendant was charged with two counts of armed robbery and one count of possession of a firearm during the commission of a felony. Before trial, the prosecutor sought to admit into evidence a shotgun that had been found at a gas station where defendant had stopped immediately before his arrest; the shotgun allegedly had been used in the charged crimes. When the trial court denied the prosecutor's motion to admit the shotgun, the prosecutor filed an emergency interlocutory appeal in the Court of Appeals. Despite the prosecutor's efforts, defense counsel was not actually informed of the appeal until after the Court of Appeals had issued an order reversing the trial court and permitting the shotgun to be admitted. Although the trial court subsequently stayed the trial so that defense counsel could appeal the adverse appellate ruling, no further action

was taken by defendant. At trial, the shotgun was admitted, and defendant was convicted on all counts.

On appeal, the Court of Appeals reversed defendant's conviction and remanded for a new trial. *People v Murphy*, unpublished opinion per curiam, issued October 12, 2006 (Docket No. 258397). The Court of Appeals concluded that, in the original interlocutory appeal, defendant had been denied the effective assistance of counsel under *Cronic*; such a complete absence of counsel at a critical stage of the proceedings meant that defendant did not need to show actual prejudice. We granted the prosecutor's application for leave to appeal. 477 Mich 1019 (2007).

## II. ANALYSIS

The Sixth Amendment of the United States Constitution states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." US Const, Am VI; see also Const 1963, art 1, § 20 ("In every criminal prosecution, the accused shall have the right . . . to have the assistance of counsel for his or her defense").[1] The United States Supreme Court has held that "'the right to counsel is the right to the *effective* assistance of counsel.'" *Strickland*, *supra* at 686 (emphasis added), quoting *McMann v Richardson*, 397 US 759, 771 n 14 (1970). *Strickland* established a two-part test for determining whether a counsel's representation was ineffective under the Sixth Amendment, *People v Frazier*, 478 Mich 231, 243 (2007); a defendant must show that "counsel's performance was deficient," and that "the deficient performance prejudiced the defense." *Strickland*, *supra* at 687.

On the same day that *Strickland* was decided, the United States Supreme Court also issued *Cronic*, in which it identified "three rare situations in which the attorney's performance is so deficient that prejudice is presumed." *Frazier*, *supra* at 243. The Court recently summarized the first of these situations: "First and 'most obvious' was the 'complete denial of counsel.'"[2] *Bell v Cone*, 535 US 685, 695-696 (2002), quoting *Cronic*, *supra* at 659. *Bell* elaborated: "A trial would be presumptively unfair, we said, where the accused is denied the presence of counsel at 'a critical stage.'" *Id.* at 695, quoting *Cronic*, *supra* at 659, 662.[3]

---

[1] This Court has held that "the Michigan Constitution does not afford greater protection than federal precedent with regard to a defendant's right to counsel when it involves a claim of ineffective assistance of counsel." *People v Pickens*, 446 Mich 298, 338 (1994).

[2] Although *Cronic* uses the term "denial," it makes clear that this prong is implicated either when counsel is "totally absent" or when counsel has been "prevented from assisting the accused." *Cronic*, *supra* at 659 n 25.

[3] The other two *Cronic* situations are: (1) where defense counsel "*entirely* fails to subject the prosecution's case to meaningful adversarial testing," *Cronic*, *supra* at 659 (emphasis

Here, defense counsel was unaware of the interlocutory appeal until after the Court of Appeals had rendered its decision. A portion of a criminal proceeding constitutes a "critical stage" if "potential substantial prejudice to defendant's rights inheres in the . . . confrontation and . . . counsel [may] help avoid that prejudice." *Coleman v Alabama*, 399 US 1, 9 (1967). Defendant in this case faced the prejudice of having inculpatory evidence admitted against him, and an attorney could have assisted in avoiding this potential harm; accordingly, defense counsel was absent at a "critical stage." See also *United States ex rel Thomas v O'Leary*, 856 F2d 1011 (CA 7, 1988) (concluding that an interlocutory appeal is a "critical stage"). Thus, the Court of Appeals correctly concluded that *Cronic*, rather than *Strickland*, was implicated.

However, our analysis cannot stop there. Although *Cronic* appears to require that the complete absence of counsel at a "critical stage" warrants an irrebuttable presumption of prejudice,[4] the Supreme Court nonetheless has applied harmless-error review when defense counsel was absent at a critical stage in *Satterwhite*, a post-*Cronic* case decided in 1988. Thus, an apparent tension exists between *Cronic* and *Satterwhite*: under *Cronic*, an absence of counsel at a critical stage results in an irrebuttable presumption of prejudice, while under *Satterwhite*, the same may be analyzed for harmless error. Hence, in order to evaluate whether the Court of Appeals correctly decided this case, we must first reconcile *Cronic* and *Satterwhite*.

In *Satterwhite*, the defendant was subjected by the prosecutor to a psychiatric examination before trial without actual notice having been provided to defense counsel. *Id*. at 252. *Satterwhite* held that the absence of counsel was in "violation of the Sixth Amendment right set out in *Estelle* [*v Smith*, 451 US 454 (1981)]," *id*. at 258, in which the Court had earlier held that a pretrial psychiatric examination constituted a "critical stage." *Estelle*, *supra* at 470. Although the defendant in *Satterwhite* contended that this absence of counsel at a critical stage necessitated automatic relief, the Court held that automatic relief was only warranted in "cases in which the deprivation of the right to counsel affected — and contaminated — the entire criminal proceeding." *Satterwhite*, *supra* at 257. Because the Sixth Amendment violation was "limited to the admission into evidence of [the examining psychiatrist's] testimony," the deprivation of counsel did not "contaminate the entire criminal proceeding," and hence automatic relief was not

---

added); and (2) where the circumstances are such that, "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate." *Cronic*, *supra* at 659-660. Neither of these two situations is implicated here.

[4] See *Moss v Hofbauer*, 286 F3d 851, 859 (CA 6, 2002) (*Cronic* creates an "irrebuttable presumption of prejudice").

warranted. Instead, where the absence of counsel does not contaminate the entire proceeding, a reviewing court should first consider whether the error is harmless. *Id*. at 257-258.

Were this Court to conclude that every absence of counsel at a critical stage requires automatic relief for a defendant, such a result would give no effect to *Satterwhite*. The only method to harmonize these cases, and to give reasonable effect to both, is to understand *Satterwhite* as carving out an exception to the general rule of *Cronic*, which itself carves out an exception to *Strickland*. That is, a reviewing court should first determine whether the effect of the absence of counsel can be sufficiently separated from the entire proceeding, enabling an appellate court to meaningfully compare the flawed proceeding with an unflawed proceeding. If the effect cannot be sufficiently separated, then defendant is entitled to an irrebuttable presumption of prejudice under *Cronic*; if the effect can be sufficiently separated, then it may be reviewed for harmless error under *Satterwhite*.

This harmonization comports with the purpose of *Cronic*, which is that prejudice should be presumed where the circumstances "are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Cronic, supra* at 658. If the absence of counsel permeates or infects an entire proceeding, the rationale underlying *Cronic* warrants an irrebuttable presumption of prejudice, because under such circumstances a defendant is highly likely to be prejudiced and because the extent and nature of such prejudice "cannot be discerned from the record." *Satterwhite*, *supra* at 256. Consequently, "any inquiry into its effect on the outcome of the case would be purely speculative." *Id*. However, this rationale does not apply when, as in *Coleman*, the absence of counsel at a critical stage does not permeate or infect the entire proceeding.[5] Thus, the merits of litigating whether the defendant suffered prejudice is warranted because in at least some cases the absence of counsel will constitute mere harmless error and there will be no need for a retrial.

Other courts have reached a similar conclusion. Indeed, every federal circuit court of appeals has stated, post-*Cronic*, that an absence of counsel at a critical stage may, under some circumstances, be reviewed for harmless error. *Ellis v United States*, 313 F3d 636, 643 (CA 1, 2002) (absence of counsel at critical stage would require presumption of prejudice only if "pervasive in nature, permeating the entire proceeding"); *Yarborough v Keane*, 101 F3d 894, 897 (CA 2, 1996) ("a less significant denial of the right to counsel . . . has been held to be subject to harmless error review"); *Ditch v Grace*, 479 F3d 249, 256 (CA 3, 2007) ("A denial of counsel at any critical stage at which the right to counsel attaches does not require a presumption of prejudice. Rather, a presumption of prejudice applies only in cases where the denial of counsel would

---

[5] In *Coleman*, none of the testimony given at the preliminary hearing was admitted into evidence at trial. *Coleman*, *supra* at 10.

necessarily undermine the reliability of the entire criminal proceeding."); *United States v Owen*, 407 F3d 222, 226 (CA 4, 2005) ("[H]armless-error analysis applies to the denial of the Sixth Amendment right to counsel at all stages of the criminal process, except for those where such denial affects and contaminates the entire subsequent proceeding."), cert den 546 US 1098 (2006); *United States v Lampton*, 158 F3d 251, 255 (CA 5, 1998) (applying harmless-error review when counsel was absent during adverse testimony); *Mitzel v Tate*, 267 F3d 524, 534 (CA 6, 2001) ("In 'cases where the evil caused by [denial of counsel at critical stage] is limited to the erroneous admission of particular evidence at trial[,] harmless error analysis applies.'") (citation omitted); *Sanders v Lane*, 861 F2d 1033, 1040 (CA 7, 1988) ("[I]n *Satterwhite* . . ., the Supreme Court explained that not all violations of the right to counsel warrant per se reversal."); *Smith v Lockhart*, 923 F2d 1314, 1321-1322 (CA 8, 1991) (noting that harmless-error review may apply under some circumstances when counsel is denied at a critical stage); *Hoffman v Arave*, 236 F3d 523, 540 (CA 9, 2001) (after concluding that defendant had been denied counsel at a critical stage, "[t]he next step of our analysis is to ask whether this constitutional violation is 'harmless error'"); *United States v Lott*, 433 F3d 718, 722 (CA 10, 2006) ("Some Sixth Amendment right to counsel violations are amenable to harmless error analysis, while others are not."); *Hammonds v Newsome*, 816 F2d 611, 613 (CA 11, 1987) (applying harmless-error review to a denial of counsel at a preliminary hearing); *United States v Klat*, 332 US App DC 230, 235 (1998) (whether a denial of counsel at a critical stage "requires automatic reversal turns on the extent to which the violation pervades the entire criminal proceeding").

In the instant case, the effect of the absence of counsel can, in my judgment, be sufficiently separated from the entire proceeding to enable an appellate court to meaningfully compare the flawed proceeding with an unflawed proceeding. *Satterwhite* applied harmless-error analysis "where the evil caused by a Sixth Amendment violation is limited to the admission into evidence of [a psychiatrist's] testimony," *id.* at 257, that is, where the absence of counsel merely resulted in the admission of one piece of evidence. Because the interlocutory appeal in this case simply resulted in the admission of additional physical evidence, the effect of the absence of counsel can be relatively easily separated from the entire proceeding. Accordingly, *Satterwhite* provides the relevant constitutional standard, not *Cronic*.

Under *Satterwhite*, the absence of counsel should be reviewed for harmless error. Thus, it must be determined "whether the State has proved 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Id.* at 258-259, quoting *Chapman*, *supra* at 24. Because the parties have not briefed this issue, I would remand this case to the Court of Appeals to consider whether the absence of counsel constituted harmless error in the present circumstances.

III. CONCLUSION

The majority remands to the Court of Appeals to consider anew the trial court's suppression of the shotgun, concluding that the prosecutor conceded the necessity of such a result. However, at oral argument, the prosecutor stated that *if this Court decided to simply resolve the entire case by "resolv[ing] the legal issue" in the prosecutor's favor,* rather than remanding to the Court of Appeals, such a course of action would be warranted. Moreover, the prosecutor argued that this Court should deem *Strickland,* rather than *Cronic,* applicable. The majority's order avoids addressing the legal issues that warranted our initial grant of leave to appeal.

An opportunity to clarify the Constitution in an important realm has been lost here: namely, an opportunity to clarify the relationship between *Satterwhite* and *Cronic,* and thereby to provide a clear standard for the lower courts in assessing claims of ineffective assistance of counsel. I would harmonize these cases by concluding, in accordance with United States Supreme Court precedent, that only an absence of counsel at a critical stage that cannot be sufficiently separated from the remainder of the proceedings necessitates automatic relief. In the present case, in which the absence of counsel resulted in the admission of a discrete piece of evidence, a reviewing court is capable of reasonably determining whether that admission was harmless. Accordingly, rather than remand to the Court of Appeals to consider the merits of the trial court's original order suppressing the shotgun evidence, I would remand to that same court to consider whether the absence of counsel contributed to the verdict. If not, there is no need to consider the merits of the suppression order.

The failure of the majority to settle these issues has real-world consequences. Because its order does not set forth any criticism or analysis of the rationale of the Court of Appeals with respect to the application of *Cronic,* but avoids substantive issues, significant legal questions remain. Does *Cronic* always apply when defense counsel is unaware of a judicial proceeding, or does *Satterwhite* establish an exception? If so, what is the extent of this exception? Can a trial court ever cure an absence of counsel? If a trial court attempts to cure such a violation, but the defendant fails to take advantage of the opportunity, does *Strickland* or *Cronic* or *Satterwhite* apply? Without any answers to these questions, under the rationale of the Court of Appeals, which the majority's order does not disapprove, *Cronic* would continue to apply to a class of cases that, in my judgment, should be governed by the much different rule of *Satterwhite.* That is, cases in which an error stemming from an absence of counsel can be effectively evaluated for its effect on the verdict will nonetheless necessitate automatic relief for defendants under the rationale of the Court of Appeals, despite the fact that such cases fall well beyond the underlying rationale of *Cronic* — namely, that a defendant should be granted automatic relief when the effect of an absence of counsel is indiscernible or otherwise impossible to evaluate. For example, a defendant whose counsel was absent for a prosecutor's motion to admit a shotgun will receive a retrial, whereas another defendant whose attorney simply made a poor argument against the admission of a shotgun will be required to demonstrate prejudice before being granted a retrial. Thus, despite the fact that the error

in both hypothetical cases leads to the admission of the same piece of evidence, two widely different outcomes will occur.  Such a result is anomalous and renders increasingly arbitrary the right to counsel.

Because the majority has failed to afford meaningful guidance for ineffective-assistance-of-counsel cases, and because this failure will almost certainly bear adverse fruit in some unknown number of later cases, I do not join in its order.



I,  Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 25, 2008

_Corbin R. Davis_
Clerk

t0618