PEOPLE v DARWICH

Docket No. 195386. Submitted August 12, 1997, at Detroit. Decided December 5, 1997, at 9:10 A.M.

Mohamad A. Darwich was charged in the Recorder's Court for the City of Detroit with possession of marijuana with intent to deliver. The defendant moved to suppress the evidence obtained in a search of his residence, arguing that probable cause did not exist for the issuance of the search warrant. Specifically, the defendant contended that the affidavit's reliance on the affiant's experience to connect the criminal activity described in the affidavit, the distribution of marijuana at the defendant's store, with the defendant's residence did not establish probable cause. The court, Thomas E. Jackson, J., granted the defendant's motion and dismissed the charge. The people appealed.

The Court of Appeals *held*:

1. The search warrant affidavit, as a whole, established probable cause to search the defendant's residence. The affidavit established the defendant's involvement in the distribution of marijuana at his place of business.

2. A magistrate is not required to accept blindly an affiant's statements. The magistrate's duty is to examine the affiant's reliance on the affiant's experience in the same way the magistrate examines other facts and circumstances presented in the affidavit and decide whether, when read in a common-sense and realistic manner, they together establish probable case. Therefore, an affiant's representations in a search warrant affidavit that are based upon the affiant's experience may be considered along with all the other facts and circumstances presented to the magistrate in determining probable cause.

3. The magistrate was justified in finding probable cause to search the defendant's residence. The order granting the defendant's motion to suppress the evidence and dismissing the charge must be reversed and the matter must be remanded for reinstatement of the charge.

Reversed and remanded.

WAHLS, P.J., dissenting, stated that the affiant's assertion in the affidavit that narcotics sellers commonly package and store narcot-

ics at their residence was not adequately supported by facts and circumstances sworn before the magistrate. A magistrate may not base a finding of probable cause solely on the experience or opinion of the affiant. There was insufficient information in the affidavit to support an assumption or logical inference that the defendant stored elsewhere the materials used in the operation. The order should be affirmed.

SEARCHES AND SEIZURES — SEARCH WARRANTS — AFFIANT'S RELIANCE ON EXPERIENCE.

An affiant's representations in a search warrant affidavit that are based on the affiant's experience may be considered by the magistrate along with all the other facts and circumstances presented to the magistrate in determining whether there is probable cause for the issuance of a search warrant; the magistrate's duty is to examine the affiant's reliance on the affiant's experience in the same way the magistrate examines the other facts and circumstances presented and decide whether, when read in a common-sense and realistic manner, they together establish probable cause.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Joseph A. Puleo*, Assistant Prosecuting Attorney, for the people.

*Randall M. Lewis*, for the defendant.

Before: WAHLS, P.J., and TAYLOR and HOEKSTRA, JJ.

HOEKSTRA, J. The people appeal as of right an order of the Recorder's Court granting defendant's motion to suppress evidence and dismissing a charge of possession of marijuana with intent to deliver. MCL 333.7401(2)(d)(iii); MSA 14.15(7401)(2)(d)(iii). We reverse and remand for reinstatement of the charge.

On appeal, the people argue that probable cause existed to search defendant's residence and, thus, the evidence obtained in the search of defendant's residence should not have been suppressed. We agree. In reviewing a magistrate's decision to issue a search

warrant, this Court must evaluate the search warrant and underlying affidavit in a common-sense and realistic manner. *People v Poole*, 218 Mich App 702, 705; 555 NW2d 485 (1996). This Court must then determine whether a reasonably cautious person could have concluded, under the totality of the circumstances, that there was a substantial basis for the magistrate's finding of probable cause. *People v Russo*, 439 Mich 584, 603-605; 487 NW2d 698 (1992). Probable cause for a search exists where a person of reasonable caution would conclude that contraband or evidence of criminal conduct will be found in the place to be searched. *People v Chandler*, 211 Mich App 604, 612; 536 NW2d 799 (1995). This Court reviews for clear error the trial court's findings of fact in deciding a motion to suppress evidence. *People v Head*, 211 Mich App 205, 209; 535 NW2d 563 (1995). We review de novo the trial court's ultimate decision regarding a motion to suppress. *People v Goforth*, 222 Mich App 306, 310, n 4; 564 NW2d 526 (1997).

After reviewing the search warrant affidavit as a whole,[1] we find that it establishes probable cause to search defendant's residence. The affidavit establishes defendant's involvement in the distribution of marijuana at his place of business. The affidavit states that defendant supplied marijuana to an individual, Leon Lippett, who was instructed by defendant to sell it in defendant's store. Lippett's statement in this regard was consistent with the observations of under-

---

[1] While we can appreciate some of the concerns expressed by our dissenting colleague and admit that some of the language contained in the affidavit is less than ideal when isolated and examined statement by statement as our colleague has done, nonetheless, it is our obligation to assess the affidavit on the basis of the totality of the circumstances. *Russo, supra.*

cover officers who witnessed drug trafficking at defendant's store on other occasions, including occasions when defendant was present in the store.

The affidavit also states that on one such occasion defendant motioned an undercover officer to the rear of his store to where another individual, Kevin Dempsey, was selling marijuana, and that on another occasion, when an undercover officer stood in the rear of the store, numerous persons approached him and asked for defendant in connection with the purchase of marijuana. Additionally, some marijuana and prerecorded funds were found in the soda pop case in defendant's store.

Next, the affidavit addresses the basis for believing that a search of defendant's residence would result in the discovery of evidence associated with this criminal activity. In this regard, the affidavit relies on the experience of the affiant to connect the criminal activity described in the affidavit with defendant's residence.

Our dissenting colleague raises the issue whether an affidavit states sufficient facts and circumstances that can be reasonably relied upon to establish probable cause for the issuance of a search warrant when those facts include the experience of the affiant. The dissent concludes that reliance on an affiant's experience in making the connection between a defendant's involvement in criminal activity at one location and possible discovery of evidence associated with that enterprise at another location is not a fact or circumstance that may be considered by an examining magistrate because such averments impermissibly elevate the affiant's judgment above that of the magistrate. Respectfully, we believe such a conclusion is unwar-

ranted. The magistrate is not required to accept blindly an affiant's statements. Rather, the magistrate's duty is to examine the affiant's reliance on the affiant's experience in the same way the magistrate examines other facts and circumstances presented in the affidavit and decide whether, when read in a common-sense and realistic manner, they together establish probable cause. Thus, we find that an affiant's representations in a search warrant affidavit that are based upon the affiant's experience can be considered along with all the other facts and circumstances presented to the examining magistrate in determining probable cause.

Although we are aware of no Michigan case that addresses this precise issue, we note that two federal cases rely on these same types of statements in search warrant affidavits to find probable cause for the issuance of search warrants. In *United States v Pace*, 955 F2d 270, 277 (CA 5, 1992), the court held that probable cause existed to search a suspect's home after evidence of drug activity was found at an unrelated site and the affidavit at issue stated that "individuals who cultivate marijuana routinely conceal contraband, proceeds of drug sales and records of drug transactions in their homes in order to prevent law enforcement officials from discovering them." Similarly, in *United States v Thomas*, 973 F2d 1152, 1157 (CA 5, 1992), the court concluded that because the dies used to restamp vehicle identification numbers were not found at the suspect's shop, where there was evidence that the numbers on vehicles were being altered, "the expectation of finding the dies at [the suspect's] home was a reasonable

inference supporting a determination of probable cause."

Likewise, in the instant case, the affidavit stated that no significant quantity of marijuana was found at defendant's store. The affiant stated that his experience led him to believe that it is common for drug dealers to package and store narcotics at one location and distribute them at another. These statements, together with the statements implicating defendant in the selling of narcotics, lead to a logical inference that defendant stored elsewhere the materials used in the operation. Defendant's residence was a logical place to look for the source of the marijuana packets sold at defendant's store. Accordingly, the issuing magistrate was justified in finding probable cause to search defendant's residence in the instant case, and the trial court improperly granted defendant's motion to suppress the evidence obtained pursuant to that warrant.

Reversed and remanded for reinstatement of the charge. We do not retain jurisdiction.

TAYLOR, J., concurred.

WAHLS, P.J. (*dissenting*). I respectfully dissent. In this case, the police obtained a warrant to search defendant's residence on the basis of two assertions: (1) defendant is a narcotics seller, and (2) narcotics sellers commonly package and store narcotics at their residence. I do not believe that the second assertion was adequately supported by facts and circumstances sworn before the magistrate. I would therefore affirm the order of the Recorder's Court suppressing the evidence seized pursuant to the warrant.

The majority does not refer to any information in the affidavit that connects defendant's residence with any drug activity. Instead, the majority relies on "a logical inference that defendant stored elsewhere the materials used in the operation." *Ante*, p 640. I note that the majority *assumes* that defendant "stored elsewhere the materials used in the operation." I find insufficient information in the affidavit to support this assumption or the "logical inference" that the majority uses to sustain the warrant.

There could not be probable cause to search defendant's residence unless there was at least probable cause to believe that defendant supplied the marijuana found in the store. In fact, there is very little information in the affidavit to support such a finding.

The information in the affidavit can be divided into two groups: (1) observations by the affiant and other police officers, and (2) statements by other individuals. The evidence in the first group can be summarized as follows: Defendant owns the Canfield Market in Detroit. Defendant is apparently known as "Mike." Kevin Dempsey sold marijuana from the back of the Canfield Market. On two different occasions, police searched Dempsey and found packs of marijuana in his possession. Defendant was present in the store when drugs were being sold, and, at one point, motioned an undercover officer toward Dempsey. The police also conducted an operation whereby one officer stood at the rear of the store and waited for customers to approach him. According to the affiant: "Some of the customers asked for Mike and when they were told Mike was not available, they requested to purchase marihuana." On another occasion, police conducted an undercover purchase in the store from

Leon Lippett. Dempsey approved this sale. After the purchase, police searched the store and found marijuana on Dempsey and in a meat counter at the back of the store. The officers' observations clearly do not establish any physical link between defendant and the marijuana. At most, they suggest that defendant was aware of and approved of the drug sales taking place at the back of his store.

The second group of evidence consists of statements from Dempsey and Lippett. The statement from Dempsey does not establish any further link between defendant and the marijuana. He simply told an officer that " 'Mike' allowed him to sell marihuana from within the business." Thus, Lippett's statement constitutes the only evidence that defendant supplied the marijuana sold in the store. According to the affiant: "Lippett indicated he worked at the store for 'Mike' and that 'Mike' provided marihuana to him to sell from within the store. He also indicated that 'Mike' told him he could not work at the store unless he sold marihuana."

Lippett's statement was hearsay. While hearsay may be used to establish probable cause, *People v Harris*, 191 Mich App 422, 425; 479 NW2d 6 (1991), a magistrate obviously must consider the source of information when making a determination of probable cause. Here, Lippett had just sold marijuana to an undercover officer. His statement easily could be seen as an attempt to spread the blame. There was no information in the affidavit to establish Lippett's credibility. There also was no information in the affidavit cor-

roborating Lippett's statement.[1] Indeed, the other information in the affidavit all points to Dempsey as the supplier. Under these circumstances, I see no basis for the majority's "logical inference that defendant stored elsewhere the materials used in the operation." *Ante*, p 640.

Assuming, arguendo, that there was probable cause to believe that defendant was supplying the marijuana sold in the store, there is absolutely no information in the affidavit to support a finding that marijuana would be found *at defendant's residence*. The only information in the affidavit establishing a link between the drugs at defendant's store and defendant's home came from the affiant's belief based on his experience:

> Based on the experience of the affiant, it is believed that marihuana that is sold from within the store is stored at the [defendant's home]. It is a common practice for narcotics sellers to package and store narcotics at on [sic] location and distribute those substances at another location. It is also believed that since "Mike" is the operator of the store and was aware that marihuana is sold from within the market, it is being sold under his direction.

Again, the affiant's reference to defendant as a "narcotics seller" was supported only by Lippett's statement, which was of questionable reliability. The affiant made two additional assertions without providing any facts to support them: first, the affiant concluded that the marijuana was packaged and stored at

---

[1] The majority suggests that Lippett's statement was corroborated. I disagree. While the officers' observations supported the conclusion that defendant was aware that drugs were sold in his store, none of their observations suggest that he supplied the marijuana or required his employees to sell it.

another location, and second, the affiant opined that the other location was defendant's home. In my opinion, a magistrate may not base a finding of probable cause solely on the "experience" or opinion of an affiant. The United States Supreme Court has held that probable cause must be based on "facts or circumstances" presented to the magistrate:

> Under the Fourth Amendment, an officer may not properly issue a warrant to search a private dwelling unless he can find probable cause therefor from facts or circumstances presented to him under oath or affirmation. Mere affirmance of belief or suspicion is not enough. [*Nathanson v United States*, 290 US 41, 47; 54 S Ct 11; 78 L Ed 159 (1933).]

The Michigan Supreme Court has also recognized the importance of actual facts in an affidavit:

> [R]eviewing courts must ensure that the magistrate's decision is based on actual facts—not merely the conclusions of the affiant. One of the main purposes of the warrant application procedure is to have a neutral and detached magistrate determine whether probable cause exists. This purpose cannot be achieved if the magistrate simply adopts unsupported conclusions of the affiant. Accordingly, at a minimum, a sufficient affidavit must present facts and circumstances on which a magistrate can rely to make an independent probable cause determination. [*People v Sloan*, 450 Mich 160, 168-169; 538 NW2d 380 (1995).]

In my opinion, allowing a magistrate to rely solely on the affiant's experience or belief regarding where drugs might be found undercuts the purpose of having a neutral and detached magistrate determine whether probable cause exists. An affidavit such as the one presented in this case asks a magistrate to rely on the experience of the affiant, rather than on

the magistrate's own judgment. I would affirm the order suppressing the evidence obtained pursuant to the warrant.