# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CURTIS LAMONT WOODS,

        Defendant-Appellant.

UNPUBLISHED
January 19, 2016

No. 322608
Wayne Circuit Court
LC No. 13-009701-FC

Before: RIORDAN, P.J., and JANSEN and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of armed robbery, MCL 750.529, possession of a firearm by a person convicted of a felony (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm) (second offense), MCL 750.227b. Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to 30 to 60 years' imprisonment for the armed robbery conviction, one to five years' imprisonment for the felon-in-possession conviction, and five years' imprisonment for the felony-firearm (second offense) conviction. We affirm.

This case arises from the robbery of a Taco Bell restaurant in Dearborn Heights, Michigan. Defendant, armed with a gun with a laser pointer attached to its barrel, herded the restaurant's employees into an office, compelled the manager to open the safe for him, took approximately $500, and fled the scene on a bicycle. Dearborn Heights Police Department officers saw defendant riding a bicycle in a nearby neighborhood. The officers arrested defendant after pursuing him through several backyards. The police officers also found the money, the gun, the laser pointer, and several articles of clothing matching the description of the clothing worn by the robber in the vicinity after arresting defendant.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant contends that the prosecution failed to present sufficient evidence at trial to prove beyond a reasonable doubt that he was the person who committed the offenses with which he was charged. In his Standard 4 brief, defendant further contends that the prosecution failed to prove beyond a reasonable doubt the elements of felon-in-possession and felony-firearm because there was no evidence that he had actual or constructive possession of a gun. We disagree.

-1-

We review de novo a challenge to the sufficiency of the evidence in a jury trial, viewing the evidence in the light most favorable to the prosecution to determine whether the trier of fact could have found that the prosecution proved beyond a reasonable doubt the essential elements of the crime. *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014). Circumstantial evidence and reasonable inferences arising from that evidence may constitute proof of the elements of a crime. *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010). Moreover, we will not interfere with the fact-finder's "role of determining the weight of the evidence or the credibility of witnesses." *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012).

## A. IDENTITY

"[I]dentity is an element of every offense," and the prosecution must therefore prove beyond a reasonable doubt the defendant's identity as the perpetrator of the charged offense. *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). A witness's positive identification may be sufficient to support a criminal conviction. *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000). "The credibility of identification testimony is a question for the trier of fact that we do not resolve anew." *Id*.

The prosecution produced ample evidence to prove beyond a reasonable doubt that defendant committed the offenses with which he was charged. The identification of defendant as the robber by Taco Bell manager Kenneth Clark and employee Dominique Macklin alone, if believed by the jury, was sufficient to establish defendant's identity as the robber because a witness's identification may establish identity, and the credibility of such an identification is a question for the trier of fact. See *Davis*, 241 Mich App at 700. In addition to their testimony, however, were the accounts of the various police officers who chased defendant down after hearing a description of the robbery suspect. The officers later found $521, a do-rag, gray and white shirts, and a gun attached to a laser pointer in the immediate vicinity. The do-rag, shirts, and gun matched the descriptions of the do-rag, gun, and shirts of the robber. Defendant aroused the officers' suspicion because he was riding a bicycle within a half mile of the robbery, dressed only in a tank top in spite of the chilly and rainy night. Moreover, the DNA analysis was further circumstantial evidence against defendant. On both shirts found near where defendant was arrested, defendant's DNA matched every one of the areas from which the forensic scientist was able to obtain a usable sample, and the odds that the DNA from the shirts would match a random black male were small, if not astronomically so. The inconclusive results on the shirts and the lack of usable data on the do-rag did not exculpate defendant or inculpate anyone else. See *Bennett*, 290 Mich App at 472.

On appeal, defendant goes to great lengths to suggest that the prosecution failed to prove his identity because the police failed to hold a lineup, recover fingerprints from the gun, prove his involvement in the crime to a mathematical near-certainty with the DNA analysis, and take into account his theories that he was merely sitting peacefully on someone else's porch while another man fled from the police officers or that, if he did flee, he only did so because he was unaware that Dearborn Heights Police Sergeant Robert Schnell was a police officer. The prosecution, however, was not required to negate every theory consistent with defendant's innocence, but only to prove beyond a reasonable doubt its own theory of his guilt. *People v Chapo*, 283 Mich App 360, 363-364; 770 NW2d 68 (2009). And considering the direct and

circumstantial evidence against defendant in a light most favorable to the prosecution, a rational jury could have found that the prosecution proved beyond a reasonable doubt defendant's identity as the perpetrator. See *Gaines*, 306 Mich App at 296.

### B. FELON-IN-POSSESSION AND FELONY-FIREARM

The elements of felon-in-possession are: (1) the defendant possessed a firearm, (2) the defendant was previously convicted of a specified felony, and (3) less than five years have elapsed since the defendant paid all fines, completed all terms of probation or parole, completed all terms of imprisonment, and satisfied certain other requirements. MCL 750.224f(2)(a); *People v Perkins*, 262 Mich App 267, 270–271; 686 NW2d 237 (2004), aff'd 473 Mich 626 (2005), abrogated in part on other grounds by *People v Smith–Anthony*, 494 Mich 669; 837 NW2d 415 (2013). Possession of the firearm "may be actual or constructive and may be proved by circumstantial evidence." *People v Burgenmeyer*, 461 Mich 431, 437; 606 NW2d 645 (2000) (citation and quotation marks omitted). " '[A] person has constructive possession if there is proximity to the article together with indicia of control.' " *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011) (citation omitted; alteration in original).

A rational jury could have concluded that the prosecution proved beyond a reasonable doubt the elements of felon-in-possession. Defendant stipulated to the second and third elements of the offense during his trial, so the prosecution was only obligated to prove that he actually or constructively possessed a gun. See *Burgenmeyer*, 461 Mich at 437; *Perkins*, 262 Mich App at 270–271. Both Clark and Macklin testified that they saw defendant holding a gun during the robbery, and both noted the distinctive laser-pointer apparatus on the weapon. Following the robbery, defendant's flight from the police officers, and his arrest, Dearborn Heights Police Officer Bruce Krot found a pistol—with laser pointer still attached—in the area where Sergeant Schnell had chased defendant just minutes before. Accordingly, viewing the evidence in a light most favorable to the prosecution, a rational jury could have concluded that defendant actually possessed the gun. See *Gaines*, 306 Mich App at 296.

A rational jury could also have concluded that the prosecution proved beyond a reasonable doubt the elements of felony-firearm. "The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Johnson*, 293 Mich App 79, 82-83; 808 NW2d 815 (2011) (citation and quotation marks omitted). The prosecution proved beyond a reasonable doubt the elements of felon-in-possession, and defendant does not challenge whether the prosecution proved beyond a reasonable doubt the elements of armed robbery. Thus, the prosecution satisfied the second element of felony-firearm. *Id.*; MCL 750.224f(5) (providing that felon-in-possession is a felony); MCL 750.529 (providing that armed robbery is a felony). And for the reasons just discussed—that numerous witnesses saw defendant with a distinctive gun, which the police found after chasing him down—a rational jury could have concluded that he actually possessed the gun. See *Gaines*, 306 Mich App at 296. Therefore, there was sufficient evidence to convict defendant of felony-firearm. See *Johnson*, 293 Mich App at 82-83.

## II. CRUEL OR UNUSUAL PUNISHMENT

Defendant next contends that his sentence of 30 to 60 years' imprisonment for his armed robbery conviction, which is to be served consecutive to the five-year sentence for his felony-firearm conviction, was unconstitutionally cruel or unusual because of his age and other personal factors and because the sentence was well above the low end of the sentencing guidelines range, making it extremely severe and disproportionate. We disagree.

To preserve the issue of an unconstitutionally cruel or unusual punishment for appellate review, a defendant must raise the claim in the trial court. *People v Bowling*, 299 Mich App 552, 557; 830 NW2d 800 (2013). Defendant raises the issue for the first time on appeal, rendering it unpreserved. See *id*.

We review the unpreserved claim for plain error affecting substantial rights. *Bowling*, 299 Mich App at 557. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). An error affects the defendant's substantial rights if it prejudiced the defendant by affecting the outcome of the trial. *Id*. Even if a defendant can satisfy all three requirements, appellate reversal is warranted only when the plain error "resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. (citation and quotation marks omitted; alteration in original).

The Eight Amendment to the United States Constitution prohibits cruel and unusual punishment, while the Michigan Constitution forbids cruel *or* unusual punishment. US Const, Am VIII; Const 1963, art 1, § 16. The state constitutional provision affords greater protection than its federal counterpart, and, accordingly, if a particular punishment "passes muster under the state constitution, then it necessarily passes muster under the federal constitution." *People v Nunez*, 242 Mich App 610, 618 n 2; 619 NW2d 550 (2000).

In Michigan, "a sentence within the guidelines range is presumptively proportionate, and a sentence that is proportionate is not cruel or unusual punishment." *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008) (citations omitted). "In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000). Further, "[i]n determining the proportionality of an individual sentence, this Court is not required to consider the cumulative length of consecutive sentences. Rather, our inquiry is whether each sentence is proportionate." *People v St. John*, 230 Mich App 644, 649; 585 NW2d 849 (1998) (citation omitted). Assuming that the defendant can overcome the presumption that his or her sentence was proportionate, Michigan courts consider the following to determine whether the sentence was cruel or unusual: "(1) the severity of the sentence imposed and the gravity of the offense, (2) a comparison of the penalty to penalties for other crimes under Michigan law, and (3) a comparison between Michigan's penalty and penalties imposed for the same offense in other states." *People v Benton*, 294 Mich App 191, 204; 817 NW2d 599 (2011).

Defendant's sentence was not cruel or unusual. The minimum sentence of 30 years—360 months—for the armed robbery conviction was presumptively proportionate because it fell within the sentencing guidelines range of 135 to 450 months.[1] See *Powell*, 278 Mich App at 323. Consequently, defendant needed to show unusual circumstances that would render disproportionate his otherwise presumptively proportionate sentence. See *Lee*, 243 Mich App at 187. On appeal, defendant notes that he was 39 years old at the time of sentencing, had three teenaged children, earned his GED while imprisoned for a previous felony conviction, had a federal work-study job at the time of the robbery, and has no substance-abuse issues. This Court has explicitly held, however, that a defendant's age is insufficient to overcome a presumptively proportionate sentence, particularly when the defendant has an extensive, violent criminal history, and the remainder of defendant's assertions do not constitute "unusual circumstances" whatsoever. See *Bowling*, 299 Mich App at 558-559. Accordingly, defendant fails to rebut the presumption that his sentence for armed robbery, while lengthy, was disproportionate. See *Lee*, 243 Mich App at 187.

Moreover, assuming that the sentence was disproportionate, defendant provides nothing on appeal to show that his sentence was cruel or unusual considering the gravity of the offense, penalties for other crimes under Michigan law, and a comparison between Michigan's imposed penalty for armed robbery compared to those of other states. See *Benton*, 294 Mich App at 204. The consecutive nature of defendant's five-year sentence for the felony-firearm (second-offense) conviction also does not constitute cruel or unusual punishment because the armed robbery sentence was proportionate and the felony-firearm conviction was legislatively mandated. See *St. John*, 230 Mich App at 649. Finally, because defendant's sentence passes muster under the Michigan Constitution, it necessarily does the same under the United States Constitution. See *Nunez*, 242 Mich App at 618 n 2.

## III. PROCEDURAL ERRORS

In his Standard 4 brief, defendant contends that various irregularities and procedural failings in the notice of intent to seek a sentence enhancement, felony complaint, warrant authorization, magistrate return, and search warrant, along with an unreasonable delay between his arrest and arraignment, violated his right to due process. We disagree.

"For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Danto*, 294 Mich App 596, 605; 822 NW2d 600 (2011) (citation and quotation marks omitted). Defendant did not assert a deficiency in the notice of intent to seek an enhanced sentence, complaint, warrant application, magistrate's return, or search warrant in the trial court, nor did he raise the issue of a delay between his arrest and

---

[1] We note that several of the OV assessments used in calculating defendant's sentencing guidelines range involved facts that were not admitted to by defendant or found by the jury. However, we decline to address the issue since defendant does not assert a claim under the Michigan Supreme Court's recent opinion in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

arraignment. Therefore, his claims in this regard are all unpreserved. See *id.* As noted, we review unpreserved issues for plain error affecting substantial rights. *Carines*, 460 Mich at 763.

### A. NOTICE OF INTENT TO SEEK SENTENCE ENHANCEMENT

MCL 769.13 and the corresponding court rule, MCR 6.112(F), govern the prosecutor's notice of intent to seek a sentence enhancement under the habitual offender statutes. MCL 769.13 provides, in pertinent part:

> (1) In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under [MCL 769.10, MCL 769.11, or MCL 769.12], by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense.

> (2) A notice of intent to seek an enhanced sentence filed under subsection (1) shall list the prior conviction or convictions that will or may be relied upon for purposes of sentence enhancement. The notice shall be filed with the court and served upon the defendant or his or her attorney within the time provided in subsection (1). The notice may be personally served upon the defendant or his or her attorney at the arraignment on the information charging the underlying offense, or may be served in the manner provided by law or court rule for service of written pleadings. The prosecuting attorney shall file a written proof of service with the clerk of the court.

The purpose of this notice requirement " 'is to provide the accused with notice, at an early stage in the proceedings, of the potential consequences should [he or she] be convicted of the underlying offense.' " *People v Morales*, 240 Mich App 571, 582; 618 NW2d 10 (2000) (citation omitted). This Court has held that MCL 769.13 must be strictly applied because the statute's plain language admits no other interpretation. *Id.* at 575-576. This Court has also held, however, that the prosecution's failure to file proof of service with the trial court constitutes harmless error if the defendant received notice of the prosecution's intent to enhance his or her sentence and had the ability to respond. See *People v Walker*, 234 Mich App 299, 314-315; 593 NW2d 673 (1999).

The prosecution first provided notice of its intent to seek a sentence enhancement in the felony information, which was dated September 22, 2013. Defendant was not arraigned on the information until October 30, 2013. The prosecution thus provided notice within 21 days after defendant's arraignment on the information. See MCL 769.13(1). The felony information additionally listed six of defendant's previous felony convictions. See MCL 769.13(2). Further, it is clear from the lower court record that the prosecution filed the notice with the trial court before defendant's arraignment. During the preliminary examination, the prosecutor noted for the record that the copy of the felony information in the court file was unsigned, and the district judge allowed him to sign it. See MCL 769.13(2).

The lower court record does not contain a proof of service on defendant or his attorney, but any potential error on the prosecution's part was harmless. The parties discussed defendant's habitual-offender status at length and its effect on the prosecutor's potential plea offer during the arraignment. The register of actions lists "Habitual Offender" as early as September 22, 2013. Defense counsel explicitly stated that he had provided defendant with a copy of the felony information during a pretrial hearing on February 21, 2014. Accordingly, assuming that the prosecution failed to serve notice on defendant or his attorney, the error was harmless because defendant had ample notice of the prosecution's intent to seek a sentence enhancement and had months in which to respond. See *Walker*, 234 Mich App at 314-315. Defendant thus fails to establish plain error affecting his substantial rights. See *Carines*, 460 Mich at 763.

## B. FELONY COMPLAINT

MCR 6.101 provides the requirements for a felony complaint:

> (A) A complaint is a written accusation that a named or described person has committed a specified criminal offense. The complaint must include the substance of the accusation against the accused and the name and statutory citation of the offense.

> (B) The complaint must be signed and sworn to before a judicial officer or court clerk.

> (C) A complaint may not be filed without a prosecutor's written approval endorsed on the complaint or attached to it, or unless security for costs is filed with the court.

When a defendant is arrested without a warrant, MCR 6.104(D) provides that "a complaint complying with MCR 6.101 must be filed at or before the time of arraignment."

There were no deficiencies in the complaint. It specifically named defendant and detailed the offenses with which he was charged. The complaint also contained statutory citations for each offense. It also included the substance of the accusation against defendant—namely, that he had robbed Taco Bell while armed with a firearm. The complaint was signed and sworn to before the district court judge on September 23, 2013. The district court judge signed the complaint. Defendant correctly notes that the district court judge did not include his bar number on the complaint, but MCR 6.101 does not require a bar number on a felony complaint. The prosecutor signed the complaint and noted that she had authorized the warrant on September 22, 2013. Accordingly, the complaint complied with MCR 6.101. Moreover, the complaint complied with MCR 6.104(D) because it was filed no later than October 23, 2013—the day of the bindover packet certification—and defendant was not arraigned until October 30, 2013. Defendant thus fails to establish plain error affecting his substantial rights. See *Carines*, 460 Mich at 763.

## C. ARREST WARRANT

MCL 764.1c governs issuance of a warrant or endorsement of a complaint by a magistrate when the police arrest a defendant without a warrant. It provides:

(1) If the accused is in custody upon an arrest without a warrant, a magistrate, upon finding reasonable cause as provided in section 1a of this chapter, shall do either of the following:

(a) Issue a warrant as provided in section 1b of this chapter.

(b) Endorse upon the complaint a finding of reasonable cause and a direction to take the accused before a magistrate of the judicial district in which the offense is charged to have been committed.

(2) As endorsed pursuant to subsection (1)(b), the complaint shall constitute both a complaint and warrant.

To the extent that defendant's argument regarding the arrest warrant is comprehensible, he appears to complain that neither a warrant authorization nor a warrant was ever filed. The register of actions indicates that the prosecution filed a warrant recommendation on September 22, 2013, a warrant for defendant's arrest was signed that same day, and he was arraigned on the warrant on September 23, 2013. As discussed earlier, the complaint was proper, and it provided that a prosecutor authorized a warrant on September 22, 2013. It is unclear whether the district court judge issued a warrant or simply endorsed the complaint under MCL 764.1c, but the bindover packet certification indicates that both a warrant recommendation and a warrant were sent to the circuit court after defendant's preliminary examination. Defendant thus fails to establish the factual predicate for his claim and equally fails to establish plain error affecting his substantial rights. See *Carines*, 460 Mich at 763.

We further note that, interwoven with his many procedural complaints, defendant alleges that the signatures on the warrant authorization and the felony complaint are different, despite the fact that the same prosecutor signed both. Defendant fails to assert a legal theory or what relief he requests because of this difference. Defendant abandons the issue because he failed to include it in his statement of questions presented or provide meaningful argument or legal authority to support his position. See MCR 7.212(C)(5); *People v Payne*, 285 Mich App 181, 187–188; 774 NW2d 714 (2009).

D. MAGISTRATE RETURN

MCL 766.15 governs magistrate returns and provides, in pertinent part: "(1) Except as provided in subsection (2) or (3), all examinations and recognizances taken by a magistrate pursuant to this chapter shall be immediately certified and returned by the magistrate to the clerk of the court before which the party charged is bound to appear." MCR 6.110(G), the corresponding court rule, provides that, immediately following a defendant's preliminary examination, "the court must certify and transmit to the court before which the defendant is bound to appear the prosecutor's authorization for a warrant application, the complaint, a copy of the register of actions, the examination return, and any recognizances received."

The contents of the bindover packet are not present in the lower court record. The bindover packet certification, however, provides that the district court clerk sent a signed felony information, register of actions, prosecutor's recommendation, circuit court return, felony complaint, and warrant to the circuit court on October 23, 2013. Thus, defendant's contention

-8-

that the magistrate return was invalid lacks merit. Defendant, therefore, fails to establish clear error affecting his substantial rights. See *Carines*, 460 Mich at 763.

We additionally note that defendant waived even the cursory argument he presents regarding the trial court's potential lack of personal jurisdiction due to the "invalid" magistrate return. See *People v Carter*, 462 Mich 206, 213-216; 612 NW2d 144 (2000) (noting that waiver is "the intentional relinquishment or abandonment of a known right" and that waiving a right under a rule precludes a party from seeking appellate review of a claimed deprivation of that right) (citations and quotation marks omitted). Defendant was arraigned before the court, appeared for pretrial hearings, filed pro se motions with the trial court, and was tried, convicted, and sentenced in the trial court. Accordingly, defendant has waived any argument regarding the trial court's personal jurisdiction over him. See *People v Lown*, 488 Mich 242, 268; 794 NW2d 9 (2011) (holding that a party may waive any defect in personal jurisdiction by stipulating, waiving, or implicitly consenting to the court's jurisdiction).

## E. SEARCH WARRANT

A search warrant may only be issued upon a showing of probable cause. US Const, Am IV; Const 1963, art 1, § 11; MCL 780.651(1). "Probable cause to issue a search warrant exists if there is a substantial basis for inferring a fair probability that contraband or evidence of a crime exists in the stated place." *People v Unger*, 278 Mich App 210, 244; 749 NW2d 272 (2008). "Probable cause must be based on facts presented to the issuing magistrate by oath or affirmation, such as by affidavit." *People v Brown*, 297 Mich App 670, 675; 825 NW2d 91 (2012); see MCL 780.653. "In reviewing a magistrate's decision to issue a search warrant, this Court must evaluate the search warrant and underlying affidavit in a common-sense and realistic manner." *People v Darwich*, 226 Mich App 635, 636–637; 575 NW2d 44 (1997). We then determine whether, under the totality of the circumstances, a reasonably cautious person could have concluded that there was a substantial basis for the magistrate's probable-cause finding. *Id.* at 637. Probable cause for a search exists when "a person of reasonable caution would conclude that contraband or evidence of criminal conduct will be found in the place to be searched." *Id.*

We initially note that defendant abandons the issue of an improper search warrant because he fails to include it in his statement of questions presented or provide meaningful argument or authority—aside from two brief, largely incoherent paragraphs—to support his position. See MCR 7.212(C)(5); *Payne*, 285 Mich App at 187-188. Further, we need not consider the search warrant at all because defendant may not enlarge the record on appeal. See MCR 7.210(A)(1); *People v Williams*, 241 Mich App 519, 524 n 1; 616 NW2d 710 (2000).

Assuming that defendant had properly raised and supported his cursory argument, however, it would nevertheless fail. Dearborn Heights Police Detective Sergeant Matthew Larabell's affidavit clearly and logically describes how Taco Bell was robbed, the description of the robber, the police officers' subsequent contact with defendant, and the physical evidence that inculpated defendant, including the gun and the money. The affidavit provided a substantial basis for inferring a fair probability that defendant's blood, hair, or DNA would link him to the crime. See *Unger*, 278 Mich App at 244. Accordingly, the judge issued the warrant upon a showing of probable cause. See *Darwich*, 226 Mich App at 637. Defendant also provides no authority to support the proposition that the warrant was somehow improper because the issuing

judge neglected to include his bar number on the document. Therefore, defendant fails to establish plain error affecting his substantial rights. See *Carines*, 460 Mich at 763.

## F. ARRAIGNMENT DELAY

MCL 764.26 provides that a person charged with a felony must be brought before a magistrate or another judicial officer "without unnecessary delay" after his or her arrest. The United States Supreme Court has held that a delay of more than 48 hours between an individual's arrest and arraignment is presumed unreasonable, and the government bears the burden of demonstrating that a bona fide emergency or another extraordinary circumstance existed to justify the delay. *Co of Riverside v McLaughlin*, 500 US 44, 56-57; 111 S Ct 1661; 114 L Ed 2d 49 (1991). In some circumstances, an unreasonable delay may require the exclusion of evidence obtained during the delay. See *People v Manning*, 243 Mich App 615, 642-643; 624 NW2d 746 (2000). But "[w]hile an improper delay in arraignment may necessitate the suppression of evidence obtained as a result of that delay, the delay does not entitle a defendant to dismissal of the prosecution." *People v Cain*, 299 Mich App 27, 49; 829 NW2d 37 (2012) (citation and quotation marks omitted, alteration in original), aff'd in part, vacated in part on other grounds 495 Mich 874 (2013).

As an initial matter, as with several of defendant's Standard 4 arguments, he abandons this issue on appeal because he fails to include it in his statement of questions presented. See MCR 7.212(C)(5). And while defendant correctly asserts that more than 48 hours elapsed between his arrest and arraignment, there is no evidence to suggest that law enforcement gathered evidence against him during the delay. Indeed, apart from the DNA evidence obtained via the search warrant, which was signed on the same day that defendant was arraigned on the warrant, the police officers gathered every piece of evidence against defendant on the night they arrested him. Assuming, then, that the prosecution was unable to provide justification for the unreasonable delay, defendant is still not entitled to relief because there was no resulting evidence to suppress and dismissal of criminal charges is not the appropriate relief for an unreasonable delay between arrest and arraignment. See *Cain*, 299 Mich App at 49. Defendant thus fails to establish plain error affecting his substantial rights. See *Carines*, 460 Mich at 763.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

In his Standard 4 brief, defendant contends that defense counsel was ineffective for failing to file motions on his behalf and subject the prosecution's case to meaningful adversarial testing. We disagree.

To preserve a claim of ineffective assistance of trial counsel for appellate review, a defendant must move in the trial court for a new trial or for a *Ginther*[2] hearing. *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014). Defendant did not move for a new trial or a *Ginther* hearing in the trial court. Therefore, this issue is unpreserved for appellate review. See *id*.

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

"A claim of ineffective assistance of counsel presents a mixed question of law and fact." *People v Brown*, 294 Mich App 377, 387; 811 NW2d 531 (2011). "This Court reviews a trial court's findings of fact, if any, for clear error, and reviews de novo the ultimate constitutional issue arising from an ineffective assistance of counsel claim." *Id*. A finding is clearly erroneous if "the reviewing court is left with a definite and firm conviction that a mistake has been made." *Lopez*, 305 Mich App at 693 (citation and quotation marks omitted). We review an unpreserved claim of ineffective assistance of counsel for errors apparent on the record. *Id.*

"In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Chenault*, 495 Mich 142, 150; 845 NW2d 731 (2014) (citation and quotation marks omitted).

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *Eisen*, 296 Mich App at 329 (citation and quotation marks omitted). More specifically, there is a strong presumption that defense counsel employed effective trial strategy, *Payne*, 285 Mich App at 190, and we "will not substitute our judgment for that of counsel on matters of trial strategy, nor will we use the benefit of hindsight when assessing counsel's competence," *Unger*, 278 Mich App at 242-243. Importantly, too, the "defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel[.]" *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

## A. FILING MOTIONS

Generally speaking, the decision whether to file a pretrial motion is a matter of trial strategy. See *People v Traylor*, 245 Mich App 460, 463; 628 NW2d 120 (2001). The trial strategy, however, must be sound, and "a court cannot insulate the review of counsel's performance by [simply] calling it trial strategy." *Trakhtenberg*, 493 Mich at 52. The failure to file futile motions does not constitute ineffective assistance of counsel. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Defense counsel's failure to file motions did not constitute ineffective assistance. The record belies defendant's comments and pro se motions alleging that he lacked "full discovery" in the case. However, both of his trial attorneys expressed their satisfaction with discovery and the prosecutor's cooperation, and his first attorney specifically mentioned video evidence, audio recordings, and the DNA results. There is no evidence from the record to suggest that a motion for "full discovery" would have unearthed new evidence or provided defendant with more than he already had. Accordingly, defense counsel's failure to file a futile motion did not constitute ineffective assistance. See *Ericksen*, 288 Mich App at 201.

Defendant also complains that defense counsel failed to file a motion for an evidentiary hearing, but does not explain the grounds for filing such a motion. Defendant thus fails to establish the factual predicate for his claim. See *Hoag*, 460 Mich at 6. Further, there is simply no evidence suggesting that background checks would have produced anything of value to defendant. See *id*. Defendant also fails to discuss how his attorney's alleged failure to file

motions prejudiced him in the trial court. Accordingly, he fails to establish that defense counsel's conduct fell below an objective standard of reasonableness or prejudiced him in any way. See *Trakhtenberg*, 493 Mich at 51.

## B. PROVIDING MEANINGFUL ADVERSARIAL TESTING

In *United States v Cronic*, 466 US 648, 658-660; 104 S Ct 2039; 80 L Ed 2d 657 (1984), the United States Supreme Court listed numerous circumstances under which defense counsel's representation may be so deficient that prejudice is presumed, one of which is counsel's complete failure to subject the prosecution's case to meaningful adversarial testing. The circumstances delineated in *Cronic* remove a defendant's claim from the traditional *Strickland*[3] framework that courts typically employ in evaluating a claim of ineffective assistance of counsel. *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007).

We initially note that defendant's cursory treatment of this issue results in its abandonment on appeal. *People v Matuszak*, 263 Mich App 42, 59; 687 NW2d 342 (2004). " 'An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment [of an issue] with little or no citation of supporting authority.' " *Id*. (citations omitted; alteration in original). Defendant also fails to establish the factual predicate of his claim because he does not supply specific examples of defense counsel's failings at trial or any matters counsel failed to investigate and raise before the trial court. See *Hoag*, 460 Mich at 6.

Furthermore, our review of the record confirms that defense counsel cogently presented various theories of defendant's innocence during his opening and closing arguments, vigorously and thoroughly cross-examined prosecution witnesses, and made appropriate objections at trial. Accordingly, the record does not demonstrate that defense counsel failed to subject the prosecution's case to meaningful adversarial testing as envisioned by *Cronic*. And under the traditional *Strickland* analysis, defendant fails to show a single instance in which defense counsel's performance failed to meet an objectively reasonable standard or made a difference in the outcome of the trial. See *Gaines*, 306 Mich App at 300. Defense counsel's performance thus did not constitute ineffective assistance. See *Trakhtenberg*, 493 Mich at 51. To the extent that defendant raises any additional arguments in his Standard 4 brief that are not specifically addressed in this opinion, we have reviewed and rejected all of his arguments.

Affirmed.

/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Karen M. Fort Hood

---

[3] *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984).