07-4160-cr
United States v. Waker

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

_____

August Term, 2008

(Argued: June 19, 2008                                      Decided: July 22, 2008)

Docket No. 07-4160-cr

_____

UNITED STATES OF AMERICA,
*Appellee*,

-*v.*-

DEMOND WAKER,
*Defendant-Appellant*.

_____

BEFORE:      HON. PETER W. HALL,
             HON. DEBRA ANN LIVINGSTON,
                      *Circuit Judges,*
             HON COLLEEN MCMAHON,
                      *District Judge.*[*]

_____

Appeal from a judgment of conviction entered September 18, 2007 and the November 1, 2006 order of the United States District Court for the Western District of New York (Elfvin, J.), denying defendant's motion to suppress. Defendant-Appellant was convicted of violating 18 U.S.C. § 922(g)(1) based on a plea agreement that permitted him to appeal the district court's denial of his suppression motion. Defendant argues that the search warrant which led to his arrest was inadmissable because of two typographical errors, and because the warrant's reliance on a reference to the supporting affidavit violated the Fourth Amendment's particularity requirement. We hold that the typographical errors did not render the warrant invalid and that the reference to the affidavit was permissible; thus, the district court did not err in denying the motion to suppress.

_____

Appearing For Defendant-Appellant:      MICHAEL J. STACHOWSKI, Buffalo, New York.

_____

[*] The Honorable Colleen McMahon, United States District Court Judge for the Southern District of New York, sitting by designation.

Appearing For Appellee: JOEL L. VIOLANTI, Assistant United States Attorney, *for* Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, New York.

PER CURIAM:

Defendant appeals from a judgment of conviction entered September 18, 2007 and the November 1, 2006 order of the United States District Court for the Western District of New York (Arcara, J. and Elfvin, J., respectively), denying Defendant's motion to suppress. Defendant-Appellant pleaded guilty to one count of 18 U.S.C. § 922(g)(1)—possession by a felon of ammunition shipped in interstate commerce (here, live shotgun ammunition)—based on an agreement that permitted him to appeal the district court's denial of his suppression motion. Defendant now challenges the district court's decision denying his motion to suppress evidence collected pursuant to a search warrant. Defendant argues that typographical errors within the search warrant documents, along with a cross-reference to a supporting affidavit, invalidate the search warrant. We find that the typographical errors in the search warrant documents did not invalidate the warrant, and that the cross-reference was permissible under the Constitution. We hold, therefore, that the motion to suppress was properly denied. The judgment of the district court is accordingly AFFIRMED.

## **BACKGROUND**

At 9:20 AM on April 25, 2005, the FBI Criminal Enterprise Task Force (CTEF) of Buffalo, New York established surveillance of the upper apartment at 2777 Elmwood Avenue in Tonawanda, New York. The CTEF had obtained a federal arrest warrant signed by U. S. Magistrate Judge Leslie Foschio, for one Jackie Crouch, who was believed to be in the Elmwood

Avenue apartment that morning. Ten minutes later, Officer Daniel Granville, a member of the CTEF, apprehended Crouch as Crouch left that apartment. Crouch admitted to staying at the Elmwood Avenue address and gave Officer Granville permission to search the apartment. He warned that the apartment contained guns and security cameras, and he named two other individuals who were inside the apartment. Officer Granville then retrieved the criminal records for those individuals and found that one of them, Jonathan Fields, had a prior felony conviction. The criminal records, along with the information provided by Crouch, provided sufficient grounds to apply for a search warrant for firearms and ammunition possessed by a convicted felon in violation of 18 U.S.C. § 922(g).

Five hours after arresting Crouch, Officer Granville applied to Magistrate Judge Foschio for a search warrant for the Elmwood Avenue apartment, attaching a supporting affidavit that detailed the morning's events and information he had learned. That affidavit is dated correctly on the signature line (April 25, 2005). In paragraph 4, however, Granville wrote that the surveillance of the Elmwood Avenue premises took place on April *26*, 2005—one day *after* the actual events, and a date obviously misstated since, relative to the date of the affidavit and warrant application, it was one day in the future. Magistrate Judge Foschio issued the search warrant. He correctly dated and signed the jurat portion of the affidavit, the warrant application document, and the warrant. However, the magistrate judge specified an execution deadline of April 30, *2004,* a date that had passed a year earlier. The search warrant form did not include a list of the items to be seized, but it did cross-reference the attached affidavit. The magistrate judge also initialed the section of the affidavit that listed the items to be seized.

At 3:15 PM on April 25, 2005, Officer Granville and other members of the CTEF

3

executed the search warrant for the Elmwood Avenue apartment and found defendant Waker with a live shotgun round in his pocket. Also found inside the apartment was a loaded 12-gauge shotgun and a .22 caliber rifle. Officer Granville checked the defendant's identity and confirmed that he was a convicted felon.

In January 2006, a federal grand jury indicted Waker on two counts of being a felon in possession of ammunition and firearms under 18 U.S.C. § 922(g)(1). Defendant filed an omnibus motion in which he, *inter alia*, moved to suppress evidence gathered pursuant to the search warrant, claiming that the search warrant was facially invalid as a result of the typographical errors and the cross-reference to the affidavit. The magistrate judge considered the motions and filed a Report and Recommendation (R&R) recommending that Waker's suppression motion be denied. Waker filed a timely objection.

On November 1, 2006, the district court (Elfvin, J.) adopted the suggestions from Magistrate Judge Foscio's R&R. Soon thereafter, Defendant pleaded guilty to Count I (being a felon in possession of ammunition), reserving the right to appeal the district court's denial of his motion to suppress. The district court (Arcara, J.) entered judgment on September 18, 2007, sentencing Defendant principally to 51 months' imprisonment. The defendant filed a timely notice of appeal.

Defendant makes three arguments challenging the district court's refusal to suppress the search warrant: (1) that the dating errors in the search warrant rendered it facially invalid; (2) that by referencing an attached affidavit without including the list of items to be seized in the body of the warrant, the warrant itself was unconstitutionally vague; and (3) that the police could not have executed the warrant in good faith due to the identified deficiencies, thus rendering the

4

search warrantless, and requiring the evidence to be suppressed. We have considered Waker's challenges to the district court's ruling, and we find them to be without merit.

## **DISCUSSION**

We review the district court's evidentiary rulings deferentially for abuse of discretion. *United States v. Rommy*, 506 F.3d 108, 137 (2d Cir. 2007). "On review of a district court's ruling on a motion to suppress evidence, we examine findings of fact for clear error, viewing the evidence in the light most favorable to the government, and we apply de novo review to the district court's conclusions of law." *Id.* at 128.

The types of errors presented by the search warrant and supporting affidavit in this case do not invalidate the warrant. The search warrant was signed by the magistrate judge on April 25, 2005. Defendant argues that because the execution deadline on the search warrant was accidentally predated one year (requiring execution by April 30, 2004, instead of April 30, 2005), and because Officer Granville mistakenly postdated facts included in the attached affidavit (April 26 instead of April 25), the warrant was deficient. The cited typographical errors, however, fail to render the warrant invalid.

In general, minor errors in an affidavit are not cause for invalidating the warrant that it supports. As the Supreme Court explained in *United States v. Ventresca*, 380 U.S. 102 (1965), "affidavits for search warrants . . . must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion." *Id.* at 108. It follows that "courts should not invalidate [a] warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner." *Id.* at 109. We do not test the validity of search warrants and their supporting affidavits in a vacuum. Indeed, this Court has explained that when information within a search warrant permits

5

the establishment of intended—but imperfectly scribed—dates, the document is not rendered deficient. *See Velardi v. Walsh*, 40 F.3d 569, 576 (2d Cir. 1994) ("Warrants have been upheld despite 'technical errors,' . . . when the possibility of actual error is eliminated by other information, whether it be . . . supplemental information from an appended affidavit, or knowledge of the executing agent derived from personal surveillance of the location to be searched.").

Here, the dating errors in both Officer Granville's affidavit and the warrant itself were harmless because each document in which they occurred contained accurate information from which one could easily establish the intended dates. First, the magistrate judge used the correct date when signing the jurat on Officer Granville's supporting affidavit. The magistrate judge again recorded the correct date when signing the search warrant itself. Second, reference to Officer Granville's affidavit, which discussed a related federal arrest warrant obtained on April 22, 2005, eliminates any doubt as to the correct year of the relevant events, and it cabins the analysis of the possible staleness of the officer's information to a three-day period between April 22 and April 25.

It is clear by all accounts that neither Magistrate Judge Foschio nor Officer Granville was aware of any of these mistakes. Indeed, it verges on frivolous for Defendant to argue that the magistrate judge intended to restrict the execution of the search warrant to a date in the past. Likewise, no serious argument can be made that Officer Granville intentionally postdated statements in his affidavit.[1] We find that the only logical conclusion to be drawn from all of the

---

[1] The Sixth Circuit has squarely addressed a nearly identical "postdating" situation, and concluded that an affidavit reciting mistakenly predated events is not grounds for suppression of a search warrant. *See United States v. McKenzie*, 446 F.2d 949, 954 (6th Cir. 1971).

6

evidence in the record is that both of the incorrect dates were merely scrivener's errors or products of clerical inadvertence. The defendant points to no evidence to the contrary.

Given the presence of correct dates in the warrant and the affidavit that displace any material error, the district court did not abuse its discretion in finding the search warrant valid. In reaching this conclusion, we join with our sister Circuits in finding that minor clerical errors generally are not fatal to a search warrant. *See United States v. White*, 356 F.3d 865, 867-69 (8th Cir. 2004) (affirming the validity of a search warrant issued based on a pre-typed application whose date had mistakenly not been updated since its previous use); *United States v. Souffront*, 338 F.3d 809, 822 (7th Cir. 2003) (affirming a district court's conclusion that the presence of a single anachronistic date on a search warrant did not render the warrant invalid); *United States v. Garza*, 980 F.2d 546, 552 (9th Cir. 1992) (affirming the validity of a search warrant containing a typographical error in the address to be searched); *United States v. McKenzie,* 446 F.2d 949, 954 (6th Cir. 1971) (upholding the validity of warrant where the supporting affidavit was erroneously dated one day after the search warrant was signed and dated).

We also find no merit in Defendant's second argument that the search warrant is unconstitutional because it contained a cross-reference to the applicant's affidavit rather than listing on the face of the warrant the items to be seized. Waker's reliance on *Groh v. Ramirez*, 540 U.S. 551 (2004), is misplaced. Waker argues that in stating that "[t]he Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents," *id*. at 557, the Supreme Court held that the Fourth Amendment requires a warrant, on its face, to specify with particularity all items for which the search is authorized. Contrary to Waker's argument, however, the Court in *Groh* expressly pointed out that the Fourth Amendment does not

7

necessarily prohibit all warrants from cross-referencing other documents. Rather, "a court may construe a warrant with reference to a supporting application or affidavit if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant." *Id.* at 557-58.

Here, Officer Granville's affidavit was attached to the search warrant, and there was deliberate and unequivocal language of incorporation in the warrant referencing the affidavit.[2] As the Supreme Court's discussion in *Groh* makes clear, this is not an unconstitutional method of issuing a valid warrant. *Id*. Under the circumstances in this case, the district court correctly determined that the search warrant was not in violation of the Fourth Amendment.

Waker's final argument is that the warrant was deficient on its face as a result of the typographical errors and the cross-reference, and that Officer Granville acted in bad faith by not correcting the errors before executing the warrant. It is well settled that evidence obtained from a deficient warrant executed in bad faith is suppressible. *See United States v. Leon*, 468 U.S. 897, 923 (1984) ("[A] warrant may be so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid."); *see also United States v. Peltier*, 422 U.S. 531, 542 (1975) ("[E]vidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, or may be properly charged with knowledge, that the search was unconstitutional under the Fourth Amendment.").

---

[2] Under items to be seized, the warrant reads: "see attached Affidavit as to of [sic] Items to be Seized, all of which are fruits, evidence and instrumentalities of violations . . . all of which are more fully described in the affidavit filed in support of this warrant which is incorporated herein by reference." Additionally, the magistrate judge initialed the portion of the attached affidavit that listed the items to be seized.

8

This argument, however, assumes that the uncorrected warrant was defective. For the reasons just stated, neither the dating errors nor the cross-reference to the attached affidavit invalidated the warrant. Thus, there is no predicate to trigger an inquiry into Officer Granville's mental state when executing the warrant.

## CONCLUSION

We have considered all of Waker's other arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.