09-4082-cr
United States v. Traylor

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of October, two thousand ten.

PRESENT:   ROBERT D. SACK,
           BARRINGTON D. PARKER
           REENA RAGGI,
                *Circuit Judges*.
-----------------------------------------------------------
UNITED STATES OF AMERICA,

                *Appellee*,

                v.                                          No. 09-4082-cr

MARVIN TRAYLOR,

                *Defendant-Appellant*.
-----------------------------------------------------------
APPEARING FOR APPELLANT:     ANNE M. BURGER, Assistant Federal Defender, Federal Public Defender's Office for the Western District of New York, Rochester, New York.

APPEARING FOR APPELLEE:      MICHAEL L. MCCABE, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

Appeal from the United States District Court for the Western District of New York (David G. Larimer, *Judge*; Marian W. Payson, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the September 24, 2009 judgment of the district court, is AFFIRMED.

Defendant Marvin Traylor pleaded guilty to possession with intent to distribute cocaine base, see 21 U.S.C. § 841(a)(1), reserving his right to appeal the denial of his motion to suppress cash and a set of keys seized from his person in the course of an arrest that Traylor contends was unsupported by probable cause. On appeal from the denial of a motion to suppress, we review factual findings for clear error, viewing those facts in the light most favorable to the government, and we analyze de novo the ultimate determination of such legal issues as probable cause. See United States v. Walker, 534 F.3d 168, 171 (2d Cir. 2008). In doing so, we assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

Probable cause to arrest exists if "the facts and circumstances within [the officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the suspect] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964); see United States v. Delossantos, 536 F.3d 155, 159 (2d Cir. 2008) (reviewing probable cause from perspective of reasonable police officer in light of his training and experience). Traylor submits that his mere presence in an apartment where execution of a search warrant resulted in the seizure of twenty-five bags of

2

cocaine base was insufficient to establish probable cause for his arrest. Just as "presence under a particular set of circumstances" evidencing constructive possession may support a conviction, United States v. Soto, 959 F.2d 1181, 1185 (2d Cir. 1992); see also United States v. Rios, 856 F.2d 493, 496 (2d Cir. 1988) (requiring "sufficient indicia of dominion and control" to support possession conviction), the circumstances of a defendant's presence may satisfy the less demanding standard of probable cause, see generally Walczyk v. Rio, 496 F.3d 139, 156-57 (2d Cir. 2007) (collecting cases holding that probable cause is a fluid concept requiring more than mere suspicion but not a prima facie showing of criminality).

In arguing that the circumstances of his presence in an apartment where cocaine base was seized did not manifest probable cause, Traylor emphasizes that the drugs were not in plain view, but concealed in a container of Clorox wipes. To be sure, we have held that "a defendant's presence alone in a room where contraband was in plain view" could support a jury finding of possession beyond a reasonable doubt. See United States v. Jones, 531 F.3d 163, 169 (2d Cir. 2008). The concealment of drugs in this case did not, however, preclude a finding of probable cause to believe Traylor was involved in criminal activity related to the seized drugs. Other circumstances, notably two prior drug sales at the apartment, supported officers' belief that the premises were used for drug trafficking. The minimal furnishings in the apartment and lack of personal belongings further supported a reasonable inference that the premises were used exclusively for this unlawful purpose. Traylor's presence in the locked apartment with a young woman who volunteered that he had brought her to the

3

location signaled his access to and control over the entirety of the premises. Together, these circumstances supported at least a reasonable probability that Traylor was involved in a scheme to traffic drugs at the location. See Illinois v. Gates, 462 U.S. 213, 231 (1983) (holding that probable cause focuses on "probabilities" not "hard certainties"); Texas v. Brown, 460 U.S. 730, 742 (1983) (stating that probable cause does not demand that good faith belief be "more likely true than false").

Although Traylor submits that his presence in the apartment had an innocent explanation, i.e., to celebrate the young woman's birthday, an account corroborated by the discovery of a birthday card on the premises, the principle is "well established . . . that a showing of probable cause cannot be negated simply by demonstrating that an inference of innocence might also have been drawn from the facts alleged." Walczyk v. Rio, 496 F.3d at 157; United States v. Webb, 623 F.2d 758, 761 (2d Cir. 1980).

In sum, we conclude that Traylor's arrest was supported by probable cause and, therefore, the district court correctly refused to suppress items seized in the course of a search incident to arrest. See, e.g., United States v. Robinson, 414 U.S. 218, 224 (1973); United States v. Gregg, 463 F.3d 160, 166 (2d Cir. 2006).

We have considered Traylor's other arguments on appeal and conclude that they are without merit. Accordingly, the September 24, 2009 judgment of the district court is hereby AFFIRMED.

FOR THE COURT:<br>
CATHERINE O'HAGAN WOLFE, Clerk of Court

4