*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

DEANDRE TAIWAN HAYWOOD,

Defendant-Appellee.

UNPUBLISHED
March 18, 2021

No. 345243
Wayne Circuit Court
LC No. 18-003452-01-FH

ON REMAND

Before: O'BRIEN, P.J., and BECKERING and LETICA, JJ.

PER CURIAM.

This criminal proceeding is before us on remand for a determination of the merits of the prosecution's claim on appeal. We vacated our earlier determination of the matter because defendant, Deandre Haywood, was unrepresented on appeal and deprived of his right to appointed appellate counsel. With defendant now having the benefit of appellate representation, we review whether the trial court erred in finding a search warrant defective on its face and dismissing all charges against defendant. Because we conclude that the scrivener's error at issue did not render the warrant defective on its face, we reverse and remand for further proceedings.

## I. APPELLATE PROCEDURAL HISTORY

By way of brief procedural history, in March 2018, a warrant was issued to search a home on Wayburn Street in Detroit. As a result of the search, police arrested defendant, and the prosecution charged him with possession with intent to deliver less than five kilograms of marijuana, in violation of MCL 333.7401(2)(d)(iii). Defendant's retained counsel moved to suppress the evidence obtained in the search. After a hearing, the trial court found the search warrant "defective on its face," suppressed the evidence, and dismissed all charges.

The prosecution filed a claim of appeal. This Court notified defendant's retained trial counsel of the appeal, but counsel advised the Court that he did not intend to represent defendant

in the appeal. This Court then sent a letter to defendant at his last known address,[1] notifying him of the appeal, informing him that his retained counsel did not intend to represent him, and instructing him regarding how to obtain appointed counsel to represent him in this appeal, should he qualify and wish to do so. Notices of all proceedings in this Court were sent to defendant, but he did not seek to obtain appointed counsel, nor did he file anything with this Court. The matter was assigned to a panel and oral argument was held. At oral argument, the prosecutor rested on her brief, but made herself available for questions, of which there were none. Subsequently, this Court issued an unpublished opinion reversing the trial court's ruling and remanding for further proceedings.[2]

The Michigan Appellate Assigned Counsel System (MAACS), through its administrator and deputy administrator, moved for reconsideration on defendant's behalf. MAACS had not yet located or conferred with defendant, but, noting that he was unrepresented on appeal, requested that we vacate our opinion and remand to the trial court for the appointment of appellate counsel, assuming defendant could demonstrate his indigency. We denied the motion for reconsideration.[3]

Defendant, through MAACS, filed a timely application for leave to appeal to the Michigan Supreme Court, seeking reversal of our prior decision, appointment of appellate counsel for defendant, and remand for a new appeal. Having contacted defendant, MAACS attached to its application a statement from him indicating that he did not receive any paperwork from this Court regarding the prosecution's appeal, did not know he had a right to the appointment of appellate counsel, and could not afford counsel for an appeal. The Supreme Court vacated this Court's November 8, 2019 order denying defendant's motion for reconsideration, and remanded for plenary consideration of defendant's arguments, "including the contention that in other cases, the Court of Appeals has remanded to the trial court for a determination whether to appoint appellate counsel for the defendant-appellee."[4]

After plenary consideration of the arguments advanced by the parties on reconsideration, this Court concluded that our failure to remand this matter to the trial court for a determination of whether to appoint appellate counsel "deprived defendant of his right to counsel in a preconviction appeal. See e.g., *People v Murphy*, 481 Mich 919 (2008)."[5] As a remedy, we vacated our prior opinion, reinstated the prosecutor's first-tier appeal, remanded the case to the trial court for the appointment of appellate counsel for defendant, and provided a briefing schedule. Defendant now

---

[1] The letter was sent to the same address where the search that is at issue in this case occurred.

[2] *People v Haywood*, unpublished per curiam opinion of the Court of Appeals, issued September 26, 2019 (Docket No. 345243).

[3] *People v Haywood*, order of the Court of Appeals, issued November 8, 2019 (Docket No. 345243).

[4] *People v Haywood*, order of the Supreme Court, issued May 20, 2020 (Docket No. 160753).

[5] *People v Haywood*, order of the Court of Appeals, issued October 5, 2020 (Docket No. 345243).

having the benefit of appellate counsel who has ably briefed the issues, we analyze anew the prosecution's claim on appeal.[6]

## II. PERTINENT FACTS AND TRIAL COURT PROCEEDINGS

On March 15, 2018, and March 16, 2018, Detroit Police Officers Michael Bailey and Youssef Manna conducted surveillance at defendant's residence, where they observed multiple suspected narcotic transactions. Officer Bailey obtained information from the license plate of a vehicle parked in front of the residence and learned that the vehicle's registered owner was Derrick Haywood. The officers obtained a photograph of Derrick and concluded that he resembled the person Officer Bailey observed participating in the suspected narcotic transactions.

On March 17, 2018, Officer Bailey drafted an affidavit and search warrant for the residence. The search warrant named Derrick as the seller to be searched, but also noted that narcotics sellers often change, and a different seller might be present during execution of the warrant. However, the date in the footer at the bottom of the search warrant and affidavit was "January 17, 2017," which was more than a year before the dates of the surveillance activity and the date that the warrant was actually drafted and signed. Officer Bailey testified at the hearing on defendant's motion to quash that the January date was a typographical error. He explained, "I have a formatted page that has a footer at the bottom and during each search warrant I will edit that footer." He further explained that he forgot to edit the date in the footer of the documents at issue. After drafting the documents, Officer Bailey faxed a copy of them to the magistrate, who promptly signed and returned them to Officer Bailey. Stamped across the top of the returned copy was March 17, 2018, the date that Bailey drafted, and the magistrate signed, the warrant. The magistrate did not write the date next to her signature.

On March 17, 2018, the Detroit Police Department executed the search warrant at defendant's residence. Detroit Police Officer Ryan Jones recovered three large plastic bags and a blue box containing marijuana from the back room of the house. Inside two of the bags and the box were smaller plastic bags containing marijuana, which Officer Jones testified was consistent with the intent to sell and deliver marijuana. In the same room, Officer Mana also recovered proof that defendant resided in the home. Officers arrested defendant and took him into custody, and the prosecution charged him as indicated.

On July 2, 2018, defendant filed a motion to quash the search warrant and suppress the evidence seized pursuant to execution of the warrant. He argued that the affidavit and search warrant were defective because of the incorrect date in the footer of each document. Defendant further argued that, because the affidavit and search warrant identified Derrick Haywood as the seller to be searched, and Derrick was in federal prison at the time, Officer Bailey provided information in reckless disregard of the truth. After an evidentiary hearing, the trial court found

---

[6] Although both parties requested oral argument, we have unanimously concluded that the briefs and record adequately present the facts and legal arguments, and this Court's deliberation would not be significantly aided by oral argument. Thus, we have decided the matter without oral argument. MCR 7.214(E).

that the search warrant was defective on its face because of the incorrect date in the footer. The court reasoned:

> The affidavit supports activity in March of 2018, the search warrant is dated January 17, 2017. And I was looking to see if maybe January 17, 2018, might have been the activity that's reported in the affidavit but that wasn't the case either. It didn't happen, the activity didn't happen until about three months later.
>
> We don't really know what happened but we do know that the search warrant is defective and I'll grant the defense's motion.

Accordingly, the court issued the order now appealed from, granting defendant's motion to quash the search warrant and suppress the evidence, and dismissing the case.

III. ANALYSIS

The prosecution argues that the trial court erred by granting defendant's motion to quash the search warrant and suppress the evidence, and by dismissing the case. Defendant maintains that the prosecution has failed to establish that the trial court clearly erred in finding that the warrant's several deficiencies render it invalid. Viewing the nature of the errors using a realistic and commonsense approach and in light of the other information contained in the warrant, we agree with the prosecution.

"This Court reviews a trial court's findings at a suppression hearing for clear error[,]" and its ultimate ruling on the motion to suppress de novo. *People v Williams*, 472 Mich 308, 313; 696 NW2d 636 (2005). "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). This Court also reviews de novo the application of the exclusionary rule to a Fourth Amendment violation. *People v Jenkins*, 472 Mich 26, 31; 691 NW2d 759 (2005).

The Fourth Amendment of the United States Constitution provides, in relevant part, that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *People v Slaughter*, 489 Mich 302, 310-311; 803 NW2d 171 (2011), quoting US Const, Am IV. The Michigan Constitution provides the same protection as the Fourth Amendment of the United States Constitution. *Id*. at 310-311 (citation omitted). In reviewing a magistrate's decision, this Court must determine that the magistrate had a substantial basis for finding probable cause and must evaluate the search warrant and underlying affidavit using a realistic and commonsense approach. *People v Darwich*, 226 Mich App 635, 636-637; 575 NW2d 44 (1997). "Probable cause to issue a search warrant exists where this is a substantial basis for inferring a fair probability that contraband or evidence of a crime will be found in a particular place." *People v Kazmierczak*, 461 Mich 411, 417-418; 605 NW2d 667 (2000).

The exclusionary rule generally bars the admission of evidence obtained by the execution of an unconstitutional search. See *People v Hawkins*, 468 Mich 488, 498-499; 668 NW2d 602 (2003). The primary purpose of the exclusionary rule is to deter " 'official misconduct by

removing incentives to engage in unreasonable searches and seizures.' " *People v Hellstrom*, 264 Mich App 187, 194; 690 NW2d 293 (2004), quoting *People v Goldston*, 470 Mich 523, 529; 682 NW2d 479 (2004). Michigan, however, recognizes a good-faith exception to the exclusionary rule, which allows the admission of evidence obtained through a defective search warrant when the executing officer relied upon the validity of the warrant in objective good faith. *Goldston*, 470 Mich at 525-526, 540-541. Relying on federal precedent, Michigan's Supreme Court has reasoned, " 'suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated warrant' " produces " ' marginal or nonexistent benefits' " and " 'cannot justify the substantial costs of exclusion.' " *Goldston*, 470 Mich at 530, quoting *United States v Leon*, 468 US 897, 922; 104 S Ct 3405, 3420; 82 L Ed 2d 677 (1984). Nevertheless, the United States Supreme Court has recognized that if a warrant is so facially deficient—"i.e., in failing to particularize the place to be searched or the things to be seized"—that the executing officer could not reasonably presume it to be valid, the good-faith exception does not apply. *Id*. at 923; 104 S Ct at 3421.

The prosecution argues that the incorrect date on the search warrant and affidavit did not render the search warrant invalid. We agree. The prosecution relies, in part, on *People v Hampton*, 237 Mich App 143; 603 NW2d 270 (1999), in which the defendant challenged the validity of a search warrant on the basis of a typographical error that resulted in a different description of the target premises than that provided by the affidavit. *Hampton*, 237 Mich App at 148-149. This Court upheld the validity of the search warrant because the supporting affidavit correctly described the target premises and the relevant information known by the executing officers eliminated the possibility that the officers would mistakenly search another premises. *Id*. at 151-154.

Similarly, the Second Circuit Court of Appeals has held that dating errors in an officer's affidavit and in the search warrant did not invalidate the warrant. *United States v Waker*, 534 F3d 168, 171-172 (CA 2, 2008).[7] In *Waker*, an affidavit correctly dated April 25, 2005, indicated that the surveillance described in the affidavit took place on "April 26, 2005." *Id*. at 170. In addition, "the magistrate judge specified [in the search warrant] an execution deadline of April 30, *2004*, a date that had passed a year earlier." *Id*. Based in part on the typographical errors in these documents, the defendant moved to suppress the evidence seized on grounds that the search warrant was invalid. *Id*. at 169. The federal district court denied the defendant's motion, and the federal appeals court affirmed, holding that "[t]he types of errors presented by the search warrant and supporting affidavit in this case do not invalidate the warrant[,]" and that " 'affidavits for search warrants . . . must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion.' " *Id*., quoting *United States v Ventresca*, 380 US 102, 108; 85 S Ct 741, 745; 13 L Ed2d 684 (1965). The Second Circuit affirmed its prior explanation that "when information within a search warrant permits the establishment of intended—but imperfectly scribed—dates, the document is not rendered deficient." *Id*., citing *Velardi v Walsh*, 40 F3d 569, 576 (CA 2, 1994).

---

[7] Although decisions of the federal courts of appeals are not binding, we may nevertheless find them persuasive. *Abela v General Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004).

Likewise, in *United States v White*, 356 F3d 865, 869 (CA 8, 2004), the Eighth Circuit Court of Appeals affirmed the denial of a motion to suppress evidence obtained by a search warrant that had an incorrect date that resulted from the affiant's use of a preprinted application form. According to the Appeals Court, "[t]he warrant described the premises and items to be seized with particularity[,]" and the officer-affiant "testified that it was common practice for him to re-use application forms when applying for a search warrant." *White*, 356 F3d 869. The Eight Circuit concluded that the inconsistency between the date on the warrant application form and the date on the search warrant does not eliminate probable cause[,]" noted that the federal district court found the officer-affiant's testimony credible, and concluded that execution of the search warrant was lawful. *Id*.

Applying these principles to the case at bar leaves us definitely and firmly convinced that the trial court clearly erred in determining that the incorrect date in the footer of the search warrant and supporting affidavit invalidated the search warrant. *Williams*, 472 Mich at 313. Using this finding as the basis for its ultimate decision, the court then erred in granting defendant's motion to quash the warrant and to suppress the evidence obtained from execution of the warrant. *Id*. We agree with the Second Circuit Court of Appeals that courts must "not test the validity of search warrants and their supporting affidavits in a vacuum[,]" but should interpret such documents in a commonsense manner. See *Waker*, 534 F3d at 171.

The search warrant and affidavit in the present case contained information from which one could easily establish the correct date that the warrant was signed. See *id*. The affidavit stated that Officer Bailey conducted surveillance at defendant's residence on March 15, 2018, and March 16, 2018, and detailed the suspected narcotic transactions observed. The affidavit and the search warrant bear time and date stamps indicating that Officer Bailey faxed the documents to the magistrate judge for her signature on March 17, 2018 at approximately 11:49 a.m. The search warrant bears an additional date stamp of March 17, 2018, again indicating when the magistrate signed the warrant. This objective evidence eliminated the possibility that the magistrate judge had signed the warrant more than a year before Officer Bailey conducted surveillance and received the necessary approvals for the warrant, and supported the officer's testimony that the incorrect date was merely a typographical error. See *id*. Because typographical errors do not generally invalidate search warrants and the correct date was ascertainable from the information within the documents, the trial court erred by finding that the warrant was invalid.[8] *Id.*

---

[8] Defendant also contends that the police acted with reckless disregard for the truth by naming his brother, Derrick, in the search warrant. This assertion is without merit. Given that a car registered to Derrick was parked in front of the house under surveillance, and that Derrick and defendant bear a similar resemblance, it was not unreasonable for the investigating officer to assume that the person he saw was Derrick. Although the officer could have investigated further, nothing suggested at the time that further investigation was warranted. Viewing these circumstances from the perspective of the investigating officer rather than with the perfect clarity of hindsight, we cannot say that the officer acted with reckless disregard for the truth by naming Derrick in the search warrant.

Because we conclude that the trial court erred by finding the search warrant invalid, we need not address the prosecution's good faith argument on appeal.

Reversed and remanded to the trial court for further proceedings consistent with this opinion.  We do not retain jurisdiction.


/s/ Colleen A. O'Brien
/s/ Jane M. Beckering
/s/ Anica Letica