United States v. Domenico Sandalo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand twenty-three.

PRESENT:   Dennis Jacobs,
           Richard C. Wesley,
           Steven J. Menashi,
                   *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

     *Appellee*,

   v.                                                    Nos. 21-708-cr

DOMENICO SANDALO,

     *Defendant-Appellant*.

_____

| For Defendant-Appellant: | MATTHEW BRISSENDEN, Matthew W. Brissenden, P.C., Garden City, NY (Brian Edward King, Smith & King, LLC, Garden City, NY, *on the brief*). |
|---|---|
| For Appellee: | MARC H. SILVERMAN, Assistant United States Attorney (Maria Del Pilar Gonzalez, Assistant United States Attorney, *on the brief*), *for* Leonard C. Boyle, Acting United States Attorney for the District of Connecticut, New Haven, CT. |

Appeal from judgment of the United States District Court for the Eastern District of New York (Vanessa L. Bryant, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Domenico Sandalo was indicted for possession with intent to distribute controlled substances after law enforcement executed a search warrant against him and his residence. The United States District Court for the District of Connecticut (Bryant, *J.*) denied his motion to suppress the evidence law

2

enforcement seized while searching his residence. Sandalo entered a conditional guilty plea preserving his right to appeal the district court's decision and was sentenced to 10 years imprisonment.

Sandalo now challenges the validity and constitutionality of the search warrant on the grounds that the warrant lacks sufficient particularity and is overbroad.[1] We assume the parties' familiarity with the underlying facts, the record of prior proceedings, and the arguments on appeal.

**DISCUSSION**

"When considering a ruling on a motion to suppress evidence, we review a district court's legal conclusions *de novo*, its findings of fact for clear error, and its decisions on mixed questions of law and fact . . . *de novo*." *United States v. Weaver*, 9 F.4th 129, 138 (2d Cir. 2021) (en banc).

The Fourth Amendment's particularity requirement "has three components: First a warrant must identify the specific offense for which the police have established probable cause. Second, a warrant must describe the place to be

---

[1] Sandalo also argues that the warrant is not supported by probable cause and that the district court should have granted him a *Franks* hearing because the warrant relies on false statements in the supporting affidavit. We address those challenges in a separate opinion that accompanies this summary order.

3

searched. Third, the warrant must specify the items to be seized by their relation to designated crimes." *United States v. Gaplin*, 720 F.3d 436, 445–46 (2d Cir. 2013) (internal quotation marks and citations omitted).

As a corollary to the particularity requirement, the places to be searched and the items to be seized cannot be overbroad by exceeding the scope of the articulated probable cause. *See United States v. Purcell*, 967 F.3d 159, 179, 181 (2d Cir. 2020). A search warrant "is facially unconstitutional if it fails to comply" with either overbreadth or particularity. *Id.* at 178.

If a search warrant is unconstitutional on its face for overbreadth or lack of particularity, the overall constitutionality of the warrant may be preserved by "constru[ing] [the] warrant" in combination with portions of the supporting application or affidavit that cure the warrant's defects. *United States v. Waker*, 534 F.3d 168, 172 (2008) (per curiam) (quoting *Groh v. Ramirez*, 540 U.S. 551, 557–58, (2004)). We may "[r]esort to an affidavit to remedy a warrant[]" only if "it is incorporated by reference in the warrant itself and attached to it." *Purcell*, 967 F.3d at 179 (quoting *United States v. George*, 975 F.2d 72, 76 (2d Cir. 1992)).

If a search warrant is facially unconstitutional and law enforcement fails to attach and incorporate by reference supporting documents that cure its defects,

the exclusionary rule does not apply automatically; excluding evidence "has always been our last resort, not our first impulse." *Hudson v. Michigan*, 547 U.S. 586, 591 (2006). Under the good faith exception, the exclusionary rule does not apply to "evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant." *United States v. Leon*, 468 U.S. 897, 922 (1984); *United States v. Clark*, 638 F.3d 89, 99 (2d Cir. 2011). That includes evidence gathered by law enforcement officers while conducting a search in accordance with the appropriate limitations set forth in the unincorporated and unattached supporting application or affidavit. *See United States v. Rosa*, 626 F.3d 56, 64 (2d Cir. 2010).

The government bears the burden of "'demonstrat[ing] the objective reasonableness of the officers' good faith reliance' on an invalidated warrant." *Clark*, 638 F.3d at 100 (quoting *George*, 975 F.2d at 77). While the government enjoys a "presumption of reasonableness," there are four circumstances where the good faith exception does not apply: "'(1) where the issuing magistrate has been knowingly misled; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; and (4) where the warrant is so facially

deficient that reliance upon it is unreasonable.'" *Clark*, 638 F.3d at 100 (quoting

*United States v. Moore*, 968 F.2d 216, 222 (2d Cir. 1992)).

## A.  The District Court's Denial of Sandalo's Motion

The district court held that the search warrant was sufficiently particular

and not overly broad.  Regarding the warrant's description of the place to be

searched, the district court rejected Sandalo's argument that the warrant was

overly broad by failing to exclude the in-law apartment, which was separate from

Sandalo's residence.  With respect to the warrant's list of items to be searched or

seized, the district court concluded that the warrant stated these items with

sufficient particularity as to each of the categories of items.  The district court also

concluded that even if the warrant were defective, Sandalo failed to show how the

officers executing the search warrant did not act in good faith.

## B.  Analysis

### 1.  *Facial Deficiency of the Warrant*

We agree with Sandalo that the search warrant is overly broad and fails to

satisfy the Fourth Amendment's particularity requirement.  The search warrant

fails to "identify the specific offense for which the police have established probable

cause"—much less identify any offense at all. *Gaplin*, 720 F.3d at 445.  The warrant

6

is also overly broad in describing the place to be searched; it includes the in-law apartment, which there was no reason to believe had any connection to Sandalo's criminal activity. The warrant also has no temporal restraints tying categories of items to be seized to any designated crimes committed during the relevant periods of investigation. Only the supporting application and/or affidavit exclude the in-law apartment, identify the specific offense for which probable cause was established, and include proper temporal restraints. As a result, the warrant is facially deficient.[2]

2.   *Whether the Affidavit and Application Were Incorporated in and Attached to the Warrant*

According to Sandalo, we cannot resort to the affidavit or application to cure facial defects in the search warrant because neither was attached to the warrant when it was presented to Sandalo at the time of the search. We agree. Although

---

[2] Sandalo also argues that the warrant lacks sufficient particularity and is overbroad in defining the categories of items to be seized. The district court dismissed Sandalo's objections to these categories of items. Sandalo's arguments plainly lack merit. The specified categories of items listed in the warrant are sufficiently particular and not overly broad. Notably, each reflect the common tools and recognized practices used by drug traffickers and focus on evidence closely related to Sandalo's suspected drug trafficking activity. To the extent that they may encompass more, the categories are well within the discretion we afford law enforcement in listing the items to be seized. *See United States v. Riley*, 906 F.2d 841, 844–45 (2d Cir. 1990).

the warrant incorporates by reference the application and affidavit, the warrant remains constitutionally defective unless the two documents were "incorporated by reference in the warrant itself *and* attached to it." *Purcell*, 967 F.3d at 179 (emphasis added). The warrant and supporting documents fall short of satisfying the latter requirement.[3]

"The presence of a search warrant serves a high function, and that high function is not necessarily vindicated when some other document, somewhere, says something about the objects of the search, but the contents of that document are neither known to the person whose home is being searched nor available for her inspection." *Groh*, 540 U.S. at 557. Even if the search warrant application and affidavit were attached to the warrant at some later point, those documents were not "attached" in the legally relevant sense; they were not included with the search warrant when it was presented to Sandalo.

---

[3] The stated reason for not providing Sandalo with a copy of the warrant application and affidavit was that "[t]he personal safety of a confidential informant would be jeopardized by the giving of a copy of the affidavits" at that time. App. 94.

### 3.    *The Good Faith Exception*

In this case, the good faith exception precludes application of the exclusionary rule. The government met its burden in showing good faith by demonstrating that the officers executing the search warrant were clearly aware of and conducted the search according to the limitations set forth in the application and affidavit. The affidavit expressly excluded the in-law apartment from the scope of the search-warrant request and limited the timeframe of the investigation leading to the search to between September 2016 and June 2019. The application specified the alleged crimes as possession of narcotics and possession of a controlled substance. As the government points out, the search team executing the warrant was led by one of the affiants. The search team did not search the in-law apartment,[4] and only seized items related to the crimes specified in the

---

[4] Sandalo insists that law enforcement did not act in good faith because it allegedly searched the in-law apartment four days after the search warrant was executed. But Sandalo offers no evidence to show that a subsequent search was executed pursuant to the June 6, 2019, search warrant in question—nor is there any indication otherwise. Nor does Sandalo adequately explain how a separate search would be relevant in determining whether the search team acted in good faith when they searched his residence on June 6, 2019.

application and the investigation detailed in the affidavit. Sandalo fails to identify any evidence to the contrary.[5]

Sandalo also asserts that law enforcement did not act in good faith because they should have known the search warrant was overly broad in not excluding the in-law apartment. We are not convinced that the warrant was so facially deficient in failing to exclude the in-law apartment that the executing officers' reliance upon it was unreasonable. This case is not like cases where we held that warrants were so facially deficient as to override the good faith exception. *See, e.g.*, *In re 650 Fifth Ave. & Related Props.*, 934 F.3d 147, 163 (2d Cir. 2019) (holding that the good faith exception did not apply because, *inter alia*, the curing affidavit was neither attached nor incorporated by reference and there was no evidence showing that anyone from the search team had reviewed the affidavit or was familiar with its contents); *Groh*, 540 U.S. at 558–61 (holding that the good faith exception was not

---

[5] Sandalo argues that Connecticut law should govern this issue, but "[o]ur precedents make clear that only federal law applies in a federal court's exclusionary rule analysis." *United States v. Braggs*, 5 F.4th 183, 184 (2d Cir. 2021); *see also United States v. Smith*, 9 F.3d 1007, 1014 (2d Cir. 1993) ("[T]he touchstone of a federal court's review of a state search warrant secured by local police officials and employed in a federal prosecution is the Fourth Amendment and its requirements, and no more.").

triggered because, *inter alia*, the warrant provided no description of the items to be seized). The district court properly denied the motion to suppress the evidence obtained from Sandalo's residence.

## CONCLUSION

We have examined Sandalo's remaining arguments and conclude that they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court denying Sandalo's motion to suppress and motion to dismiss.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

11